Mason, J.,
after examining the provisions of the code, and showing that this court had not by the code, and had not acquired by service of the summons, jurisdiction over the defendant, proceeded as follows:
The attachment authorized by section 227 to 243, of the amended code, is a new and important remedy, which did not exist under the old system. Unlike the attachment against absent and absconding debtors, under the revised statutes, which was for th.e benefit of all the creditors, and as to which the jurisdiction of the justices of this court is not taken away; this attachment is for the benefit of the individual creditor. It is requisite, however, in order to its being issued, in every case ; 1st. That there should be an action pending; by § 227, the attachment is authorized only in an action, and by § 99, an action is not commenced for any purpose until the complaint is verified : 2d. It must appear among other things required by 1229, that the defendant is either a foreign corporation, or not a *661 resident of this state, or has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with the like intent.
Where a debtor whose place of residence is in this city, absconds from the state, or conceals himself within the same, to avoid the service of the summons, then this court has jurisdiction to issue the attachment, because it can entertain the action. So also in the case of a non-resident debtor, who may have been served with process in the city; because then the court has jurisdiction of the case by the actual service of the summons. But when a debtor is a non-resident, and the summons cannot be served on him, this court cannot issue the attachment, because it cannot entertain the action.
The application must be denied.
In Perry v. Montgomery, Sept. 1849, an attachment was issued before the service of the summons, against a non-resident of the city. It was served with the summons, and a motion was made to set it aside.
Sandford, J.,
after advising with Oakley, Ch. J., and Vanderpoel, J., held that the attachment was irregular, and ordered it to be set aside.
In Cole v. Kerr, Nov. 17, 1849, which was precisely similar in its circumstances, except that after the service of the summons and attachment, the defendant put in an answer;
Oakley, Ch. J.,
after consulting with Vanderpoel and Sand-ford, J. J., held that the attachment was irregular, and must be set aside. He said this did not affect the continuance of the suit, nor the issuing of a new attachment.