Bosworth, Ch. J.
—“ In an action for the recovery of money,” the property of a non-resident defendant may be attached. (Code, § 227.)
The affidavit on which the warrant may be issued, need only state enough to make it thereby appear, “that a cause of action exists against such defendant, specifying the amount of the claim, and the grounds thereof,” and that the defendant “is not a resident of this state.” (Code, § 229.)
The affidavit in question states all this, and therefore is sufficient in form. If the Court now has jurisdiction of the action, and of the person of the defendant, and had when the order to show cause why the attachment should not be vacated was *629 obtained; then, the attachment cannot be vacated, unless the affidavits establish that, as matter of fact, the defendant was a resident of this state.
The defendant has been personally served with the summons, in the city of New York, and this Court has acquired jurisdiction of the action and of the person of the defendant. (Code, § 33, sub. 2.) There is no pretence that the attachment was served before the summons.
It is alleged that at the time of the service, upon the defendant, of the summons herein, the deputy-sheriff delivered to the defendant a copy of the attachment. There is no allegation that any property was attached before the summons was served, or that the attachment was granted and delivered to the sheriff to be served before the summons was delivered to him to be served; or that it was intended that the attachment should be served unless the summons was first actually served.
I think an attachment may be granted, and may accompany the summons into the sheriff's hands, and that on the summons being personally served, the attachment may be served, and that an attachment thus issued and served is a valid process. 1 Duer R., 662 (anonymous); Code, § 8.
In Fisher el al. v. Curtis, (2 Sandf. Rep., 660,) it was suggested that the words “ in an action,” in section 227, could not be satisfied except by the actual commencement of an action by the personal service of a summons on a defendant. If that be so, then the property of a resident defendant who has absconded (so that he cannot be served) could not be attached, by any attachment issuing out of this Court.
But, section 227 is not correctly quoted, in Fisher et al. v. Curtis {supra). The language is, “ in an action for the recovery of moneyand that language describes the class of actions in which an attachment may issue; but it does not declare that the action must be commenced, before the attachment can be granted.
On the contrary, it declares that the plaintiff, at the time of issuing the summons, may have the defendant’s property attached, and section 8 of the Code applies the chapter of the Code in which section 227 is found, to this Court.
Unless an attachment can accompany the summons, and will *630 be valid until the summons has been personally served, provided it is actually served before the attachment is served, then it would seem to follow, that an order for the arrest of a non-resident defendant, granted before the summons is served, though not served until after the summons, would be void. The defect of jurisdiction applies with as much force to the one case as to the other.
J. B. Brownell, for appellant, (the defendant,)
Insisted, that the affidavits established the fact, that the defend-' ant was a resident of the State of Few York, at the time this suit was commenced, and repelled the idea that he was about to dispose of his property, with intent to defraud his creditors. Upon the question of the jurisdiction of the Judge to grant the attachment, he contended as follows :
But if the defendant be a non-resident, then the attachment should not have been granted, and having been granted it should have been discharged.
If the objection be sound that this Court has no jurisdiction to grant process, or a proceeding in the nature of process, until the summons has been served, when the defendant-is a non-resident, then an order of arrest would be as truly unauthorized as an attachment against the property of the defendant. An order of arrest is in the nature of process, and accomplishes the office of *the ac etiam, clause in a capias ad respondendum.
My conclusion is that an order of arrest may be granted (Code, § 183,) or attachment be issued in the specified cases, and may accompany the summons into the sheriff’s hands (Code, § 227,) to be served when the summons has been personally served, and that an attachment so issued and served is regular and valid.
The opposing affidavits establish that the defendant has not lost his residence at Washington, nor acquired a residence in this state, in such sense as to be exempt from an attachment against him as á non-resident defendant, within the meaning of the word non-resident, as used in the Code.
The motion must be denied, - with ten dollars costs to the plaintiff, to abide the event. .
From the order denying such motion, the defendant appealed to the General Term.
*631 1. In an action in this Court, a justice has no jurisdiction to grant an attachment against a non-resident defendant, before the summons is personally served upon the defendant. (Code, § 33; Fisher v. Curtis, 2 Sandf., 660, 661.)
2. The affidavit upon which the attachment was issued, was insufficient.
It does not show that the Court had jurisdiction of the action or of the person of the defendant; and the affidavit of the defendant shows that if the defendant be held to be a non-resident, this Court had no jurisdiction of the action, or of the person of the defendant, at the time the attachment was granted. The order appealed from, should be reversed with costs, and the attachment vacated and set aside with costs of the motion below. "
N. G. Wyeth, for respondent.
The Court, at General Term, after hearing the argument, stated that the Court were of the opinion, that the affidavits established the fact that the defendant was not a resident of the State of New York.
That the judges were unanimous in the opinion, that an attachment against the property of a non-resident defendant may be issued and accompany the summons into the hands of the sheriff, and may be served after the summons has been duly, personally, served; and that an attachment so issued and served is regular and valid, for the reasons stated in the opinion of Boswobth, Ch. J. The order was affirmed.