## SLOCUM VS. SLOCUM.

An affidavit for the service of summons by publication against a sole defendant, which states that the action is for an accounting between the parties, and to remove a cloud upon the plaintiff's title to real estate, which the defendant claims to hold under a marshal's sale upon execution, while the plaintiff claims that the execution debt was fully paid before the sale, does not show "that a cause of action exists against the defendant," within the meaning of the statute. R. S., ch. 124, sec. 10.

The provision (in said section 10) for publication and service by post upon "a necessary or proper party to an action relating to real property in this state," relates to an absent or non-resident defendant who has or claims a lien or interest as described in subdivision 4 of the same section, the primary cause of action being against another, who must be served as the principal defendant.

APPEAL from the Circuit Court for *Kenosha* County.

The plaintiff obtained from a court commissioner an order for the service by publication of the summons in this action, upon an affidavit which stated that the defendant could not, after due diligence, be found in this state, and was not a resident thereof, but of the state of New York, and that the action was for an accounting between the parties, and to remove a cloud from the plaintiff's title to certain real estate; and that the defendant claimed to hold said real estate under a marshal's sale upon execution, and the plaintiff claimed that the judgment on which said execution was issued was paid in full before the sale. The defendant afterwards appeared specially for the purpose, and moved to set aside the order for publication. The motion was granted, and the plaintiff appealed.

*J. J. Pettit*, for appellant, contended, among other things, that under the code there is no such thing as a special appearance of a party for the purpose of a motion only, in an action commenced by summons; that in such an action any appearance by the defendant is *voluntary*, and is equivalent to "personal service of a summons on him." R. S., chap. 124, sec. 14, last clause.

*O. S. & F. H. Head*, for respondent.

*By the Court*, DIXON, C. J. The affidavit to obtain the order

for publication is defective in not showing that a cause of action exists against the defendant. To authorize service by publication and deposit in the post office, it must appear by affidavit not only that the person on whom service is to be made cannot, after due diligence, be found within the state, but *it shall in like manner appear that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to an action relating to real property in this state.* R. S., ch. 124, sec. 10.

As the publication is asked in respect to a sole defendant, the cause of action, if one exists, must be against him; and the affidavit should show it. In such a case it is clearly not enough that it appears that the action concerns real property in this state; for why proceed to service by publication merely because the defendant is interested in such property, no cause of action being shown respecting it? The provision for publication and service by post upon "a necessary or proper party to an action relating to real property in this state," is obviously intended to meet the case of an absent or non-resident defendant who has or claims a lien or interest as described in subdivision four of the same section, the primary cause of action being against another, who is or must be served as the principal defendant.

Order affirmed.