## BELL VS. OLMSTED.

A writ of attachment may be served before actual service of the summons in the action, if the latter has been previously made out and placed in the proper hands with a *bona fide* intent that it shall be served.

A general appearance by a defendant waives all defects in a process designed to

bring him into court; but whether, under our practice, it waives any defect in the writ of attachment or in the service of it, *quære*.

An attachment, under our statute, is not the process by which suits are commenced, but a mere remedy designed to aid in a suit.

An attachment in this state, however, retains so far the nature of a proceeding *in rem*, that it may be issued in an action where the summons is served by publication on non-resident defendants, although the court thus acquires no jurisdiction over the *persons* of such defendants.

APPEAL from the County Court of *Milwaukee* County.

The nature of the question presented by this case will appear from the opinion of the court. The writ of attachment therein referred to, recites that "Whereas an application has been made for a writ of attachment against the property of *John C. Olmsted*, defendant in an action commenced in this court by the filing of a copy of summons, wherein *Robert B. Bell* is plaintiff," &c.

*Buttrick & Hill*, for appellant:

1. The writ of attachment is void. It purports to have been issued in an action commenced by *filing* copy of summons. But the *service* of a summons is the only process by which civil actions in the courts of record of this state can be commenced. Sec. 1, ch. 124, R. S. The writ of attachment is a mere provisional remedy designed to aid the principal suit, and can only be issued at or after the commencement of the action by the service of a summons, and before final judgment. R. S., ch. 130; Laws of 1859, ch. 101; *Chase v. Hill*, 13 Wis., 222; *Jarvis v. Barrett*, 14 id., 593. Sec. 227 of the New York Code provides that this auxiliary process may be issued simultaneously with the summons. But even under this statute the better opinion seems to be that the writ of attachment cannot be executed until the summons has been served. *Leffingwell v. Chave*, 5 Bosw., 703; 19 How., 54; 10 Abb., 472. Some cases hold that unless the court has acquired jurisdiction of the controversy by service, an attachment issued by it would be void. *Fisher v. Curtis*, 2 Sandf., 660, 661; *Granger v. Schwartz*, 11 Leg. Obs., 346. 2. The writ of at-

tachment was irregularly served.    Whether or not any author-
ity existed for issuing the writ, its  execution  before  the sum-
mons was served was of no avail.    *Gould v. Bryan*,  3  Bosw.,
627 ; sec. 3, ch. 101, Laws of 1859.

    *Cary & Pratt*, for respondent.


    *By the Court*, PAINE, J.    In this case a summons and writ
of attachment were placed in the sheriff's hands,  at the  same
time, for service.    He served  the attachment  by notifying  a
person alleged to have property of the defendant in his hands,
to appear and answer.    This service was made  on  the  9th of
September.    But the summons was not served on the defend-
ant until the 21st of September.

    The defendant afterwards appeared and moved  to  set aside
the attachment because it had been served  before  the  service
of the summons.    And the court held that though the attach-
ment might be issued before the service of  the  summons, yet
it could not be regularly  served  before  the  summons.    The
motion was denied, however, upon the ground that the defend-
ant by appearing had waived the irregularity.    Whether that
conclusion is correct or not, we do not find it necessary  to in-
quire.    A general appearance waives all defects in the process
designed to get the party into court.    After he has come in, it
is immaterial whether the process to get him in  was  good  or
bad.    But whether such waiver could be extended  to  defects
in a writ of attachment or in the service of it, under the  pres-
ent practice, where such writ is not process to  bring  the  party
in, or to get jurisdiction of his person, may be perhaps  doubt-
ful.    But we think the motion was properly denied for the rea-
son that the writ may be not only issued but served before the
summons is served, the latter having been made out and plac-
ed in proper hands with a *bona fide* intent to serve.    The courts
of New York have made a distinction between the attachment
authorized by sec. 227 of their amended Code, and that previ-
ously authorized by their Revised Statutes, which was also re-

tained after the Code. The latter they held to be a special proceeding *in rem*, and the former a mere remedy which could only be obtained in actions commenced by the service of a summons, and in which the court had or could acquire personal jurisdiction over the defendant. *Fisher v. Curtis*, 2 Sandf., 660; *Furman and others v. Walter*, 13 How. Pr. R., 348; *Houghton v. Ault*, 16 id., 77.

We have so far assumed that the writ of attachment now authorized by our law is in the nature of that authorized by the New York Code, as to hold that it was not the process by which suits are commenced, but a mere remedy designed to aid in a suit. *Chase v. Hill*, 13 Wis., 222; *Jarvis v. Barrett*, 14 id., 591. But it cannot be inferred from those decisions, that the character of such an attachment as a proceeding *in rem* has been so far abolished that it can only be resorted to in an action in which the court has acquired or at least can acquire personal jurisdiction over the defendant, as was held in the case above referred to in the 2d Sanford. For the case of *Jarvis v. Barrett* was, like that, a case against a non-resident, and it was conceded that even by a proper publication of the summons, the court could acquire no personal jurisdiction of the defendant. Yet it was held that the suit could proceed, and that "it was in the nature of a proceeding *in rem*, as when an attachment was required."

While, therefore, we have applied the doctrine of the New York courts concerning their Code attachment to our writ to some extent, yet we have not held that they are altogether alike. And this could not well be held. There is a marked difference between the language of sec. 227 of the New York Code and that of our statute. The former provided that "in an action for the recovery of money" against certain parties, the plaintiff might, at the time of issuing the summons or at any time afterwards, have the property of the defendant attached as a security, &c. In the case in the 2d Sanford, stress was laid upon the words "in an action," and I should not be pre-

pared to deny that it was correctly held in that case, that their section referred only to actions in which the court could acquire personal jurisdiction.   But our statute provides that "any creditor shall be entitled to proceed by attachment in the circuit court of the proper county *against the property of his debtor*" &c.—the usual and apt words of attachment laws designed to authorize a proceeding *in rem*.   And it will be found on an inspection of the provisions of chapter 130, R. S. 1858, that they are to a great extent, including the provision just quoted, copied literally from chapter 112, R. S. 1849, which was the old attachment law.   It is true that the provisions of that law as to the mode of notifying the defendant have been omitted, and in their stead the provisions of the Code in respect to the service of a summons by publication or otherwise are applicable.   Our statute may fairly be regarded as a blending of the old attachment proceeding *in rem* and the provisions of the Code as to service of process and the commencement of actions.   And although the latter may have substituted the summons as the process for commencing the suit instead of the writ, yet the whole proceeding is or may be so far purely in the nature of a proceeding *in rem*, as it was in *Jarvis v. Barrett*, that it remains equally clear as it was under the old law, that the intention was that the writ might be served as soon as it could be legally obtained, and that it was not to wait for a service of the summons on the defendant.   The very grounds for allowing an attachment show that in many instances an actual service on the defendant would be highly improbable, in others impossible.   Among them are "that the defendant has absconded from the state, or is concealed therein to the injury of his creditors," and that "he is a non-resident," or a "foreign corporation."   In all such cases it is evident at the outset that service must be by publication, and equally evident that if the attachment must wait until the publication could be completed, the remedy would be fruitless.

The only ground for holding otherwise is derived from a lit-

eral construction of several provisions of the statute.   Section 3, chap. 101, Laws of 1859, provides that the writ of attachment may be issued at "the time of the commencement of the action or at any time thereafter before final judgment." Sec. 1, chap. 124, provides that civil actions shall be commenced by the service of a summons.   The counsel for the appellant then applies our decision that the summons is the process by which these actions are commenced, and infers that the attachment cannot be legally issued, or at least not served, before service of the summons.   If the statutes were to receive a merely literal construction, the conclusion might be correct.   But for some purposes suits are considered commenced before the summons is served, as soon as it is placed in proper hands with a *bona fide* intent to have it served.   And the manifest design of this statute requires that interpretation.   *Miles v. Corbett,* 8 How. Pr. R., 500; *Hagan v. Burch,* 8 (Clarke) Iowa, 309; *More v. Thayer,* 10 Barb., 258.

There is nothing in the case of *Jarvis v. Barrett* conflicting with this conclusion.   That case only decided that an attachment of property was not essential to the validity of the judgment.   But while expressly holding that the creditor might attach, if he did not choose to run the risk of a sale or removal of the property, whether he could do so before the service of the summons or not, was not passed on.

The order is affirmed, with costs.