RANKIN vs. ADAMS, impleaded with others.

An affidavit for service of summons by publication, which merely states that "the subject matter of the action is real property in the county and state [named in the venue], in which each of the said defendants has or claims an interest, and that the relief demanded consists wholly in excluding the said defendants from any interest in or lien upon said real estate," is insufficient, because it does not show against what defendant the principal cause of action exists, or that none of the parties sought to be served by publication is the principal defendant, in which case it would be necessary to show that a cause of action exists against him.

*Slocum v. Slocum*, 17 Wis., 150, followed.

APPEAL from the Circuit Court for *La Fayette* County.

The complaint in this action states that the plaintiff claims title to a certain tract of land therein described, by virtue of a conveyance made by the clerk of the board of supervisors of said county, under ch. 22, Laws of 1859, and the subsequent amendments thereto. The deed is set out at length, and is in the form prescribed by the statute. The complaint further alleges that each of the defendants has or claims an interest in said premises, and demands judgment that they, and all persons claiming under them subsequently to the commencement

of the action, " be forever barred and foreclosed of all right, title, interest, claim, lien or equity of redemption in and to" said premises. (See secs. 35–37, ch. 22, Laws of 1859.) The summons was personally served upon *John Bracken*, one of the defendants, on the 14th of May, 1863, and the complaint was filed on the 16th of that month, with an affidavit of the plaintiff that none of the defendants except said *Bracken* could, after due diligence, be found in this state; that their residence could not, after due diligence, be ascertained by the plaintiff; that the subject matter of the action was real property in said county, in which each of said defendants had or claimed an interest, and that the relief demanded consisted wholly in excluding them from any interest in or lien upon said real estate; and that each of the defendants was a necessary and proper party to this action, which related to real property in the state of Wisconsin. Upon this affidavit the court granted an order for the service of summons upon said defendants by publication; and afterwards, upon proof of such publication and of failure to answer, the court took proof of the facts alleged in the complaint, and rendered judgment in accordance with the prayer of the complaint against all the defendants. On a subsequent day of the term, the defendant *Nancy Adams* appeared specially for the purpose, and obtained a rule upon the plaintiff to show cause why the judgment should not be vacated as to her, on the ground that the court had never acquired jurisdiction of her, and also because the complaint did not state a cause of action. On the hearing the court denied the motion to vacate; and said defendant appealed.

*Buttrick & Hill*, for appellant.

*P. A. Orton, Jr.*, for respondent.

[The point upon which the case is disposed of in the following opinion is not discussed in the brief on either side.]

*By the Court*, COLE, J. According to the decision of this court in *Slocum v. Slocum*, 17 Wis., 150, the affidavit to obtain

the order of publication in this case was clearly defective by omitting to set forth a cause of action against any defendant, as it should do under the statute. Section 10, chap. 124, R. S. The action is against several defendants, and it is stated in the affidavit that none of them except *Bracken* can, after due diligence, be found in the state ; that their residence is unknown to the affiant, and cannot, after reasonable diligence, be ascertained by him ; and further, "that the subject matter of this action is real property in the county and state aforesaid, in which each of the said defendants has or claims an interest actual or contingent, and that the relief demanded consists wholly in excluding the said defendants from any interest or lien in the said real estate." It is obvious that this is not a statement of the cause of action within the requirement of the statute. From it the court or judge granting the order could not know that a sufficient cause of action exists against any one of the defendants. And, in the language of the chief justice in the case above cited, "to authorize service by publication, it should appear by the affidavit not only that the person on whom service is to be made cannot, after due diligence, be found within the state, but it should in a like manner appear *that a cause of action exists against the defendant in respect to whom the service is to be made*, or that he is a necessary or proper party in a case mentioned in the subsequent clauses of the section, the cause of action being shown to exist against some other defendant."

In the case of Slocum, he being a sole defendant, of course the cause of action must have existed against him if it existed at all. And although in the affidavit it was stated that the action was brought for an accounting between the parties, and to remove the cloud upon the title to certain real estate of the plaintiff growing out of a marshal's sale, yet we deemed that an insufficient statement of the cause of action in respect to the defendant. In this case the nature of the cause of action is not only very imperfectly stated, but it is utterly impossible

to know against what defendant it exists. This defect in the affidavit was material, and went to the jurisdiction of the judge making the order of publication.

The judgment should therefore have been set aside for the first reason assigned in the motion. The order refusing to set it aside is reversed, and the cause remanded for further proceedings in accordance with this decision.

Note.—On a motion for a rehearing, the respondent's counsel urged that by the language of the statute (sec. 10, ch. 124, R. S.), it is necessary only that it should appear from the affidavit for publication, *either* "that a cause of action exists against the defendant in respect to whom the service is to be made" *or* "that he is a necessary party to an action relating to real property in this state;" and that the statute does not require in the latter case, that "the cause of action be shown to exist against some other defendant."—The motion for a rehearing was denied.—Rep.