WINNER and another vs. FITZGERALD, Adm'r, &c.

An affidavit for the service of summons by publication in a case arising under subd. 4, sec. 10, ch. 124, R. S. (where the defendant is a non-resident, or his residence is unknown, but he has property in this state, and the action is on contract, and the court has jurisdiction of the subject of the action), must so describe the property of the defendant within the state that the officer signing the order of publication may be able to see that it is such property as is liable to be seized on attachment or execution; otherwise the proceeding is void.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought against *Maurice Fitzgerald* as administrator of the estate of Garrett M. Fitzgerald, deceased, for the amount due on a note executed by said Garrett in his life time, and allowed in plaintiff's favor by the commissioners appointed to adjust claims against said estate. The court ordered service of the summons by publication, upon an affidavit of one of plaintiff's attorneys, which was in substance as follows: that a summons had been issued in the action; that a cause of action existed in favor of the plaintiffs and against

the defendant; that the defendant could not, after due dili·
gence, be found in the state, and his residence was unknown,
but that he had property in this state, and the action was on
contract, and the court had jurisdiction of the subject there·
of. The affidavit further states the means which had been
used to ascertain the residence and address of the defendant;
but it does not further specify or describe the property of de-
fendant situate in this state. Afterwards, upon due proof of
publication of the summons, and of no answer or demurrer
received, judgment was rendered against the defendant for the
amount claimed, with interest and costs. A subsequent mo-
tion of defendant's attorney to set aside the judgment and the
order of publication, &c., was denied; and defendant appealed.

*Thos. M. Knox*, for appellant:

1. The provision of the statute in reference to the service
of summons by publication is new, and must be strictly pur-·
sued. *Hallett v. Righters*, 13 How. Pr. R., 43–45. It must ap-
pear by proper averments in the affidavit, how the cause of
action arose, or upon what it is founded; and a mere state·
ment, in general terms, that a cause of action exists, is not
sufficient. *Slocum v. Slocum*, 17 Wis., 150 ; *Rankin v. Adams*,
18 id., 292. Facts must also be stated from which the officer
can decide for himself whether the court has jurisdiction. It
must also distinctly appear that the defendant has property in
this state liable for the claim on demand. *Jarvis v. Barrett*,
14 Wis., 591. The averment in the affidavit that the defend-
ant has property in this state cannot, by any fair construction,
be held to mean that he has property in this state belonging
to Garrett M. Fitzgerald. Nor does it show that he has proper-
ty subject to forced sale. 2. By the theory of our statutes,
an administrator must reside in this state, and if he leaves it
his administration ceases, and the probate court should be
called upon to appoint an administrator *de bonis non* to close
up the estate and be sued, if a suit should be ordered. The
attachment process was never designed to apply to cases of

JANUARY TERM, 1865. 395

Winner et al. vs. Fitzgerald, adm'r &c.

executors or administrators in this state. 3. The county court of Milwaukee county had jurisdiction exclusive of any other court to settle the whole estate and to compel the application of all the assets in the hands of the administrator to the payment of debts against it, so far as they were applicable thereto. And the statute expressly provides that when commissioners shall be appointed for examining accounts against the estate, no action of this kind shall be commenced against the administrator, and that the county court may from time to time order a distribution of assets and payment of debts. R. S., ch. 101, secs. 15, 40, 62; *Price v. Dietrich*, 12 Wis., 626.

*Smith & Cotzhausen*, for respondent, in support of the sufficiency of the affidavit for publication, cited *Rawdon v. Corbin*, 3 How. Pr. R., 416; *Roche v. Ward*, 7 id., 416; *Slocum v. Slocum*, 17 Wis., 150; *Rankin v. Adams*, 18 id., 292. 2. Our statute allows the bringing of a suit against an administrator on a claim allowed by the commissioners, after the time limited by the probate court for the payment of debts has expired. R. S., ch. 101, secs. 15, 62.

*By the Court*, DOWNER, J. This is an appeal from the order of the circuit court refusing to set aside the judgment in favor of the respondents. The action was commenced by publication of a summons, or intended to be, pursuant to the provisions of sec. 10, chap. 124, R. S. Is the statute valid? And if so, is the affidavit on which the order of publication is based sufficient to warrant the order and give the circuit court jurisdiction?

Our constitution provides that no person can be deprived of his property without due process of law. This means that every person shall have the privilege of being heard—of a trial *before judgment* is rendered against him by virtue of which his property may be taken. And in cases like the one before us, an action must be commenced, of which the defendant must have actual or constructive notice. Actions are proceedings

either *in rem* or *in personam*, or both. It is plain that if this suit, or the judgment therein, is of any validity whatever, it is as a proceeding *in rem.* Is it such a proceeding? I have been unable to satisfy myself that it is. To be a proceeding *in rem*, the court or its officers should have actual or constructive possession of the property proceeded against, *at or before* the rendition of the judgment; or the plaintiff should, before such rendition, have *a lien* upon it or some interest in it. Ordinarily in actions *in rem* there is both possession and *lien* before judgment. The property is seized by virtue of a writ of attachment. This is not, however, the only mode of creating or acquiring a lien. Liens are given in many cases by the common law and by statute, which courts enforce against the property of non-resident defendants. The legislature might have provided that the commencement and pendency of the action should create a lien on the real estate, and perhaps on the personal property of the defendant within the jurisdiction of the court. The statute, if valid, clearly authorizes an action and judgment against a non-resident defendant, who neither appears nor is served with process except by publication of the summons, and whose property is not, nor is any of it, in *the actual or constructive possession of the court*, nor has the plaintiff any *lien* thereon, or any right, title or interest in or to it. I am inclined to the opinion that such a suit is not a proceeding *in rem*, and that the statute authorizing it is void; or rather that proceedings under it are of no validity unless a writ of attachment follow the summons, and the defendant's property is actually seized before the judgment is rendered. But this is not the opinion of the court. The majority of the court hold, as in *Jarvis v. Barrett*, 14 Wis., 595, that the statute is valid, and that the judgment rendered in actions under it is good as against the property specified or particularly described in the affidavit. They also hold that in the affidavit the property of the defendant within this state must be so described that the officer signing the order of publication may be able to see that

it is such property as is liable to be seized on attachment or execution, and unless it is so described the proceeding is void. It not being so described in this case, the order of the court below is reversed, with costs, with directions to vacate the judgment.