## NELSON VS. ROUNTREE.

*Service by publication.* — *Void judgments cannot be made valid by subsequent statute.* — *Effect of tax deed as evidence.* — *Waiver.*

23  367
109  214
ₒ109  221

1. In an action against the unknown owners of land, the affidavit for the service of summons upon all the defendants by publication, stated that the action was brought to foreclose them of all their interest, etc., in the land; that the subject of the action was said land, situate, etc.; that said defendants were proper parties thereto; and that the relief sought consisted wholly in excluding them from any interest, etc., in said land, but it did not show that a *cause of action* existed against any one of the defendants. *Held,* that it was insufficient, and the court did not acquire jurisdiction.

2. After judgment rendered against such unknown defendants in said action, section 1, chapter 409, Laws of 1865, was enacted, which declares that "all orders of publication, *heretofore* or hereafter made under section 10 of chapter 124 of the Revised Statutes, shall be evidence that the court or officer authorized to grant the same was satisfied of the existence of all

facts requisite to the granting of such order or orders, and shall be evidence of the existence of such facts." *Held*, that it was not competent for the legislature, by such an enactment, to give validity to a void judgment.

3. A tax deed must be allowed all the effect as evidence given by the law in force at the time of the *sale*.

4. *Void* proceedings to quiet his title under the act of 1859, taken by the grantee in a tax deed, cannot be set up against him as a waiver of the conclusiveness of his deed, in a subsequent action by the original owner.

APPEAL from the Circuit Court for *La Fayette* County.

Ejectment. The defendant claimed under a tax deed executed in 1861, upon a sale made in 1857, and under two other tax deeds; and upon the trial he offered in evidence said deeds, and also the judgment record in an action of foreclosure instituted in 1861, upon the deed of that year, against the former unknown owners of the premises (ch. 22, Laws of 1859). The evidence was received against plaintiff's objections.

The plaintiff then introduced evidence to show irregularities in the tax proceedings upon which said several deeds were based. The court charged the jury, *inter alia*, that while the tax deed of 1861 offered in evidence by the defendant was executed under the law of 1859, and was, therefore, only *prima facie* evidence as to all the conditions precedent to its execution, and while it appeared that the deed was primarily open to the objections urged against its validity, yet all such objections were cured by the judgment obtained by the defendant under the foreclosure proceedings; that the plaintiff was barred by that judgment, and the verdict of the jury must be for the defendant. Verdict and judgment for the defendant; and the plaintiff appealed.

*P. A. Orton* and *Stevens & Flower*, for appellant:

1. The judgment in the foreclosure suit was void. *Slocum v. Slocum*, 17 Wis. 150; *Rankin v. Adams*, 18 id. 292. 2. The defect in the affidavit, which rendered said judgment void, was not cured by the last clause of section 1, chapter 409, Laws of

1865, passed subsequently to the rendition of the judgment. A judgment once void cannot be made valid by retroactive legislation. *Osborn v. Jaines*, 17 Wis. 576. 3. The tax deed of 1861 was also void. The recital of but one " certificate " in the deed, while it purports to convey two parcels of land, necessarily implies that both parcels were sold in a lump upon one sale; and if such were the case, the sale was illegal. §§ 6 and 7, ch. 22, Laws of 1859; Blackwell on Tax Titles (old ed.), 334; *Hayden v. Forster*, 13 Pick. 492; *Boardman v. Bourne*, 20 Iowa, 134. Again, the name of the county treasurer is not inserted in the deed as required in the form prescribed by statute. Moreover, the word " *were* " before the word " *sold* " is omitted, and also the word " *several* " in two places in the deed before the word " *tracts* " — omissions which the court have no right to supply, and which render the deed fatally defective. Besides, the sale was neither seasonably nor properly advertised as required by law. 4. The deed in question is not conclusive. If it ever was conclusive, because issued on a sale which took place when the law of 1854 was in force, the defendant waived its conclusiveness by bringing his action to foreclose under the law of 1859, which makes all tax deeds only *prima facie* evidence of the validity of the proceedings previous to their execution and delivery. By having sought the advantages of the latter statute, he subjected himself to all its disadvantages, and can no longer rely on the conclusive character of his deed.

*Paine & Carter*, for respondents, insisted that the foreclosure proceedings of 1861 were a bar to the plaintiff in this action, and that all defects in the affidavit, on which it was claimed that the judgment of foreclosure was void, were cured by chapter 409, Laws of 1865.

Dixon, C. J. The affidavit for the order of publication, in the proceedings taken by the present defendant against the

unknown owners of the land in controversy, was fatally defective within former decisions on that subject, and the court acquired no jurisdiction. The action was against all persons, as unknown owners, having any interest in the land, and the affidavit stated no cause of action against any one. *Slocum v. Slocum*, 17 Wis. 150; *Rankin v. Adams*, 18 id. 292. There being, therefore, no judgment in the action, the question arises as to the effect of the last clause of section 1, chapter 409, Laws of 1865, which declares that " all orders of publication heretofore or hereafter made under section ten of chapter 124 of the Revised Statutes, shall be evidence that the court or officer authorized to grant the same was satisfied of the existence of all facts requisite to the granting of such order or orders, and shall be evidence of the existence of such facts." The proceedings in question were taken, and the supposed judgment rendered, in the year 1861. If it was competent for the legislature to make this declaration, then it was competent for it to have declared that to be a judgment which before was no judgment, and binding upon the party against whom formally rendered, when before he was not bound at all; for such is the direct result. It is a proposition not to be discussed at this day, that the legislature has no such power; and the court below, therefore, erred in the instruction given to the jury upon this question.

But inasmuch as the tax deed, upon which those proceedings were instituted, was given in evidence by the defendant, and as we are of opinion that the defendant was entitled, by virtue thereof, to a verdict in his favor for the whole land, the error of the court becomes immaterial; and it also becomes immaterial for us to consider the objections taken to the other deeds. The only question arising upon that deed is, whether it is open to impeachment for irregularities merely. It was executed in 1861, upon a sale made and certificate issued in 1857. By the statute in force at the time of the sale, the deed to be executed and delivered to the purchaser was made

conclusive evidence that all the proceedings had been regular. See *Smith v. Cleveland*, 17 Wis. 556, in which the validity of the statute was expressly affirmed.   When the sale takes place under such a statute, and the purchaser becomes entitled, by virtue of his contract, to such a deed, we think the same effect must be ascribed to the deed, whenever executed or under whatever law, as was given to it by the law in force when the sale was made.   The principle is, that the law then in force enters into and forms part of the contract, regulating its obligation and defining the rights of the parties ; and that the purchaser acquires a vested interest as to all provisions beneficial to himself and constituting a material inducement to the purchase, which the legislature cannot afterward impair or destroy.   This principle is fully sustained by the case above referred to, and the authorities there cited.   It is a principle which applies to and governs the obligation of all other contracts, the terms and conditions of which are regulated by law ; and, unless an exception is to be made of contracts for the purchase of lands at sales for unpaid taxes, which we conceive cannot be, it applies to and must govern the contract in question, and effect must be given to the deed according to the law in force when the purchase was made and the certificate executed.   The deed cannot, therefore, be impeached, nor the title of the defendant disturbed, for the irregularities complained of.

The objection that the word " certificate," instead of " certificates," is recited in the deed, there being more than one parcel of land conveyed, is obviated by a reference to the statute then in force, which authorized the treasurer, in granting a certificate, to include therein as many parcels of land bid off by any person as he might desire.   R. S. 1849, ch. 15, § 133.

And the question decided in *Burrows v. Bashford*, 22 Wis. 103, does not arise here.   The proceedings taken by the defendant to quiet the title being void, no effect can be given to them. The plaintiff cannot insist that they are void for some pur-

poses, and valid for others — that the defendant had in fact no action under the act of 1859, and yet that he waived the conclusiveness of his deed by bringing one.

It follows from these views that the judgment must be affirmed.

*By the Court.* — Judgment affirmed.