The opinion of the court was delivered by
Valentine, J.:
There are only two questions involved in this case: First, Has the district court jurisdiction to correct and reform an administrator’s deed, which, through a mutual mistake of all the parties, was made to read “ seventy degrees and thirty-nine minutes, (70°, 39’,)” when it was intended and should have read, “seven.degrees and thirty-nine minutes, (7°, 39',)” so as to make said deed conform to the intention, agreement, and understanding of all the parties? Second, Is a service of summons by publication, against a minor over fourteen years of age, obtained upon the following affidavit, sufficient to authorize the court to appoint a guardian ad litem for the minor, and then, after the guardian ad litem has answered for the minor by filing a general denial to the plaintiff’s petition, proceed to hear evidence-and render judgment in favor of the plaintiff, and against the minor? Said affidavit reads as follows:
{Title, and Venue.) “L. M. Goddard, being first duly sworn, says, that he is one of the attorneys for the plaintiff in the cause above entitled, and that' the abovenamed Marcus D. Claypoole is a nonresident of the state of Kansas, and that the service of a summons cannot be made upon him within *327 the state of Kansas; that the above entitled cause is one of those mentioned in section 72 of the code of civil procedure of the state of Kansas, and that said action relates to real estate in this state.” (Signature, and Jurat.)
We answer the first question in the affirmative, and the second in the negative. We do not think that such a service as the foregoing is void. It is only voidable. Such a service could not be attacked collaterally, but it may be attacked directly, or by petition in error, as in this case. A service of summons on the return-day is irregular, and voidable. (Armstrong v. Grant, 7 Kas., 285, 291, 292; Dutton v. Hobson, 7 Kas, 196, 198.) But such a service will be held valid when attacked collaterally; (Armstrong v. Grant, supra;) but insufficient when attacked by a petition in error; (Dutton v. Hobson, supra.) The said minor never made any appearance in the court below, except by his said guardian ad litem, and he never gave his said guardian ad litem any authority to appear for him. Hence said minor has never waived any of the errors committed by the court below. We think it was error for the court below to appoint said guardian ad litem, and to render said judgment. The said affidavit does not sufficiently show, by facts stated, that this case was one of those mentioned in §72 of the civil code: Gen. Stat., 643, §§ 72, 73; Pindar v. Black, 4 How. Pr. Rep., 95; Slocum v. Slocum, 17 Wis., 150; Rankin v. Adams, 18 Wis., 292.
For the error above stated the judgment of the court below is reversed, and cause remanded for further proceedings.
All the Justices concurring.