Cummings vs. Tabor.

CUMMINGS VS. TABOR.

*September 25 — October 14, 1884.*

*(1) Service of summons: Order for publication: Complaint must be filed. (2) Notice of motion construed. (3) Attachment before service or publication of summons: When vacated: Delay.*

1. Under sec. 2640, R. S., the complaint, duly verified, must be filed in the office of the clerk of the circuit court before an order for the publication of the summons can be made.
2. Notice of a motion "for an order vacating and setting aside the judgment entered in said action, and *all proceedings therein,*" is construed to refer to all proceedings in the action, and not merely to proceedings in or subsequent to the judgment.

| | |
|---|---|
| 61 | 185 |
| 74 | 77 |
| 61 | 185 |
| 79 | 441 |
| 61 | 185 |
| 80 | 508 |
| 61 | 185 |
| 82 | 145 |
| 61 | 185 |
| 85 | 480 |
| 61 | 185 |
| 93 | 672 |
| 61 | 185 |
| 94 | 52 |
| 61 | 185 |
| 98 | 358 |
| 61 | 185 |
| 105 | 552 |
| 105 | 553 |
| 61 | 185 |
| d108 | 567 |

3. A writ of attachment may issue and be served in an action against a nonresident or absconding defendant before the publication of the summons; but unless the proper publication is thereafter made the attachment proceedings will be void. A delay of a year or more in making such publication is a sufficient ground for setting aside the attachment.

APPEAL from the Circuit Court for *Sauk* County.

The case is stated in the opinion.

*E. W. Young*, for the appellant.

For the respondent the cause was submitted on the brief of *John Barker*, attorney for the motion.

TAYLOR, J. This is an appeal from an order setting aside the judgment entered in this action, the execution issued upon such judgment, and the sale made thereupon; also setting aside the attachment issued in said action, and all the proceedings thereon.

The action was commenced by the appellant against the respondent by summons and complaint. The complaint attached to the summons was made and verified January 25, 1883. We must presume, therefore, that the summons was issued on that day. On the same day an affidavit was made by the plaintiff and presented to a court commissioner, together with the summons and the complaint thereto attached, for the purpose of obtaining an order for the publication of the summons, on the ground of the nonresidence of the defendant. The affidavit, summons, and complaint were indorsed filed, by the commissioner on that day. An order of publication was made. The summons and complaint were first filed with the clerk of the court, March 5, 1883. The first publication of the summons was on January 27, 1883, and the last on March 3, 1883. Judgment was entered by default on April 11, 1883.

On January 25, 1883, the plaintiff made an affidavit for a writ of attachment against the property of the defendant.

Cummings vs. Tabor.

On January 27th the writ was issued and the affidavit attached thereto, and on January 29, 1883, the sheriff made return of the writ, showing that he had attached certain real estate of the defendant, therein describing it. On February 27, 1884, the defendant served the following notice of motion on the plaintiff:

[Title of the action.]

"Please take notice that upon the papers filed in the office of the clerk of said court in the action above entitled, the filings thereof, and the records of said court in said action, a motion will be made at the general term of said court, to be held at the court house in Baraboo, in said county, on the 17th day of March, 1884, at the opening of the court on that day, or as soon thereafter as counsel can be heard, for an order vacating and setting aside the judgment entered in said action, and all proceedings therein; and that I appear herein for the sole purpose of making said motion.

"Yours, etc.,          JOHN BARKER,
"Att'y for said motion.

"*February 27, 1884.*
"*To Hon. E. W. Young, Plaintiff's Att'y.*"

Upon the hearing of this motion, and on March 24, 1884, the circuit court made an order as follows: "Ordered, that the judgment entered herein, the writ of attachment, and all proceedings in said action, be, and they are hereby, vacated, set aside, and for naught held. By the court," etc. From this order the plaintiff appeals to this court.

The learned counsel of the appellant insists that the court erred (1) in setting aside the judgment in said action; and (2) in setting aside the attachment therein. He claims that the order of publication was properly obtained, and that proper publication was made under said order. On the part of the respondent it is insisted that the order of publication was made without authority of law. The ground for this

contention is that the statute requires that the complaint must be verified and filed with the clerk of the court before the order of publication can be properly made or the summons properly published.

It must be conceded that the publication would not have authorized the entry of judgment under the statute of 1858. Sec. 10, ch. 124, R. S. 1858; 2 Tay. Stats. 1431. This statute required the complaint to be filed before publication was made. Under this statute it has been held that the complaint must be filed with the clerk of the court, and that any other filing would not aid the plaintiff. By the present law (R. S. 1878, sec. 2640), the language of the statute upon this subject is materially changed. It reads as follows: " The application therefor [that is, the order of publication] shall be based upon the complaint, *duly verified and filed*, and an affidavit, together showing the facts required to exist," etc. The old statute did not require the application for the order of publication to be based upon the complaint at all, but it did require the complaint to be filed before publication was made; and under that statute the filing was required to be made with the clerk of the court. *Anderson v. Coburn*, 27 Wis. 558. In this case the court say: " It is said that the object of requiring the complaint to be filed in the office of the clerk of the court is that the defendant may know where to find it, and that if it is filed any time before publication is complete, and before the expiration of the time to answer, the reason and spirit of the enactment are satisfied. But the answer is that the law makes it an essential prerequisite to this mode of service that the " complaint shall be first filed." No publication is good until that is done.

Now, the present law requires that " the application for the order of publication shall be based upon the complaint, *duly verified* and *filed*, and an affidavit," etc. This provision is entirely different from the old law. That law did not re-

quire any complaint to be made before the order for publication was obtained, but only required that the complaint should be filed before the summons was published; nor did it require the complaint to be verified. · See sec. 10, ch. 124, R. S. 1858; 2 Tay. Stats. 1430, 1431. The following cases show what was necessary under ch. 124, R. S. 1858, to make a good service by publication. *Hafern v. Davis*, 10 Wis. 501; *Slocum v. Slocum*, 17 Wis. 150; *Rankin v. Adams*, 18 Wis. 292; *Winner v. Fitzgerald*, 19 Wis. 393; *Farmers' & Millers' Bank v. Eldred*, 20 Wis. 196; *Nelson v. Rountree*, 23 Wis. 367; *Likens v. McCormick*, 39 Wis. 313. These cases all show that the validity of an order for publication under that chapter depended entirely on the sufficiency of the affidavit upon which it was based, and in no way upon the complaint in the action. Under the old law the affidavit must show a cause of action existing in favor of the plaintiff and against the defendant, or that the defendant was a proper party to an action concerning real or personal property, and that the defendant had or claimed some interest in the same, and that the relief demanded in the action was to exclude the defendant from any such interest therein.

The law now requires the order to be based in part upon a verified complaint filed, and the statute does not expressly require that the affidavit which is to accompany the verified complaint shall show that a cause of action exists against the defendant. The statute now says that when service of the summons cannot be made upon defendant because he is a nonresident "against whom a cause of action appears to exist, or who appears to be a necessary party," etc. It does not say, as the old statute did, that such fact must be made to appear by affidavit. One reason for requiring the order for publication to be based upon a verified complaint was undoubtedly for the purpose of enabling the judge to whom application was made for the order to determine whether a cause of action existed against the defendant, or whether

he was a necessary defendant in an action relating to real estate. The verified complaint is a more satisfactory method of stating the plaintiff's cause of action, if he have one, than stating it in the form of an affidavit, and is undoubtedly a substitute for the affidavit under the old practice as to the existence of the cause of action, etc. We think it equally clear that the requirement of the statute that the complaint so verified must be filed before the order of publication is made, was intended to take the place of the old law, which required it to be filed ·before publication of the summons. The object of that requirement is the same as that of the old law, viz., to enable the defendant, if apprised of the pendency of the action in any way, to ascertain what the nature of the plaintiff's claim is. See *Anderson v. Coburn*, 27 Wis. 558, 563. We do not think the provisions of sec. 2828, R. S., are applicable to this proceeding to obtain an order for publication. Sec. 2639 clearly contemplates that the complaint shall be made, verified, and filed before the application for the order is made, and consequently that the filing of the complaint must be in that office in which complaints generally are required to be filed, to wit, in the office of the clerk of the court in which the action is pending. We do not apprehend that there will be any difficulty in obtaining orders of publication under this construction of the statute.

The learned circuit judge was right, therefore, in holding that the publication of the summons was irregular and void, and consequently the judgment and all subsequent proceedings were void, and should be set aside and vacated. But it is claimed that the court was not justified in setting aside the attachment and the proceedings under the same: (1) because it is said the notice of the motion did not ask for such relief; and (2) because the attachment might be properly issued and served before the service of the summons in the action. We think a fair construction of the notice of

motion justified the court in holding that the relief asked was to vacate and set aside all the proceedings in the action, and not the proceedings after judgment. The notice asks for the following order: " vacating and setting aside the judgment entered in said action, and all proceedings therein." We think the words "and all proceedings therein" must be construed to mean proceedings in the action, and not in the judgment or proceedings subsequent to the judgment only.

It is insisted by the learned counsel for the appellant that, as the attachment of the defendant's property is simply a proceeding in an action, and not a process by which an action is commenced, the writ of attachment and the proceedings under it, if regular, may stand, although the judgment rendered in the action may be void on account of some irregularity in the service or publication of the summons. This court held, in the case of *Bell v. Olmsted*, 18 Wis. 69, that a writ of attachment might be issued and served before the service of the summons in the principal action, in case the summons had been issued and, in good faith, placed in the hands of the proper officer for service, and was, in fact, afterwards served on the defendant in the action. In that case the summons and writ of attachment were placed in the hands of the sheriff for service at the same time. The attachment was served on the 9th of September and the summons on the 21st of the same month, and it was held that the attachment was properly issued and served. The only doubt suggested upon the law by the learned judge who delivered the opinion was upon the language used in sec. 3, ch. 101, Laws of 1859, the statute under which the attachment was issued. That statute provided "that the writ of attachment may be issued at the time of the commencement of the action, or at any time thereafter before final judgment;" and it was argued that, as sec. 1, ch. 124, R. S. 1858, provided that civil actions shall be commenced by the service of a summons, therefore no attach-

ment could be issued or served until the summons was served. The learned judge, in delivering the opinion in that case, says: "If the statutes were to receive a merely literal construction the conclusion might be correct; but, for some purposes, suits are considered commenced before the summons is served, as soon as it is placed in proper hands with a *bona fide* intent to have it served." In another part of the opinion it is said: "The very grounds for allowing an attachment show that in many instances an actual service on the defendant would be highly improbable; in others, impossible. Among them are that the defendant has absconded from the state, or is concealed therein, to the injury of his creditors, and that he is a nonresident, or a foreign corporation. In all such cases it is evident at the outset that service must be by publication, and equally evident that if the attachment must wait until publication could be completed, the remedy would be fruitless." The doubt arising upon the law of 1859, above quoted by the learned judge, is removed by the Revision of 1878. Sec. 2730, R. S., provides as follows: "The writ of attachment shall be issued on the request of the plaintiff by the clerk of the court, either at the time of the *issuing of the summons* in the action, or at any time thereafter before final judgment." The words "issuing of the summons" are substituted for the words "commencement of the action" in the law of 1859.

There can be no doubt, therefore, that, in the ordinary action upon contract commenced against a resident of the state, the writ of attachment may be issued and served at any time after the summons is issued in good faith and placed in the hands of a proper officer or other person for actual service. And there can be no reasonable doubt that such writ of attachment may issue and be served in an action against a nonresident or absconding defendant, in a proper action, before the publication of the summons is made as provided by law.

The only other question is, what effect the failure to publish the summons as required by law shall have upon the attachment issued and served before such publication, in actions against nonresident defendants who have not appeared in the action. Under the former statutes, this court held, in *Anderson v. Coburn,* 27 Wis. 558, that in an action against a nonresident defendant, whose property had been attached and judgment rendered, execution issued, and the attached property sold on the execution, upon a publication of the summons which was irregular and void, that the attachment proceedings did not create a lien upon the property attached, and a conveyance of such property by the defendant after the attachment was served transferred a perfect title to the grantee named in such conveyance. In that case the court say: ".There was no valid attachment, because there was no publication of the summons upon which the validity of the attachment depended." This decision, when all the facts are considered, in no way conflicts with the decision of this court in *Bell v. Olmsted,* 18 Wis. 69. In that case the court made the validity of the attachment proceedings depend upon the fact that the summons was placed in the hands of the officer with a *bona fide* intention of having the same served, and it was served within a reasonable time. If the plaintiff unreasonably delays to proceed in the main action, by the service of the summons, there can be no doubt that, upon application, it would be the duty of the court to set aside the attachment proceedings, and this is clearly implied in the case. *Bell v. Olmsted, supra.* In the case of *Anderson v. Coburn,* the attachment proceedings were held void because the defendant had failed to publish the summons in the action as required by law. In Nebraska, under a statute in regard to attachments similar to our own, the supreme court of that state held the attachment proceedings void because of a failure to publish the summons in the principal action. *Wescott v. Archer,* 12 Neb. 345.

Cummings vs. Tabor.

Under our present statute it seems to us that the attachment proceedings must be held void if the plaintiff fails to publish his summons as required by law. Sec. 2640 requires the summons to be published within three months from the date of the order requiring publication to be made, and it would seem to follow, if an order of publication had been properly made in the action, and no publication had been made within the three months as required, that the action must be considered as abandoned for all purposes. All proceedings therein, by attachment or otherwise, would be set aside on proper motion, and, in the absence of any appearance in the case by the defendant, all such proceedings must be held void when brought in question in a collateral proceeding. If it be said that in this case there never was a valid order requiring the publication of the summons, and therefore the case does not come within the letter of the law, still we think it is within its spirit; and no legal steps having been taken in the case after the service of the attachment for more than a year, the defendant had the right to have the proceedings vacated and dismissed. A proceeding against the property of a defendant who is not personally served with process must be strictly pursued and with reasonable diligence; and a delay of a year or more in taking the necessary steps to bring the defendant into court by the proper publication of the summons is a sufficient ground for setting aside the attachment proceedings in such action.

*By the Court.*— The order of the circuit court appealed from is affirmed.