McLaughlin *et al.* v. Wheeler *et al.*

1. Section 4993, Comp. Laws, which authorizes an attachment "in an action," provides, among other things: "And for the purposes of this section, an action shall be deemed commenced when the summons is issued; provided, however, that personal service of such summons shall be made, or publication thereof commenced, within thirty days." *Held*, that the vitality of the attachment beyond the 30 days depends upon compliance with this condition.

2. At the expiration of the 30 days, the summons in this case not having been personally served, or its publication commenced, the statutory support ceased, and the attachment went down.

3. Section 6247, Comp. Laws, prohibiting the "service of legal process of any description whatever" on Sunday, applies to and covers a summons; for by Section 4807, Id., "process" is made to include "a writ or summons issued in the course of judicial proceedings."

4. The publication of a summons against a non-resident, under Section 4900, Comp. Laws, constitutes the "service of legal process," within the meaning of said prohibitive Section 6247; and, where the only publication within the limited 30 days is one made on Sunday, the publication is not commenced within 30 days, and the attachment then fails, and a defendant is entitled of right to release of attached property. 1 S. D. 497, modified.

(Syllabus by the Court.    Opinion filed Dec. 22, 1891.)

Appeal from circuit court, Lawrence county.    Hon. Chas. M. Thomas, Judge.

This case was first argued at the April, 1890, term of this court, and in an opinion published in 1 S. D. 497, the court affirmed the judgment rendered by the trial court and reversed the order of that court continuing the attachment.    Upon petition of appellant's attorneys a rehearing was ordered March 18, 1891.    This opinion is upon the rehearing.    The court adheres to the former opinion so far as the same affirms the judgment of the lower court, Corson, Judge, dissenting, but modifies it as regards the order of the trial court continuing in force the attachment, holding that upon failure to serve or publish the summons the defendants were entitled to a release of the attached property, and hence there was no consideration for the undertaking.

*Van Cise & Wilson* for appellants and petitioners for rehearing.

The printing of the summons on Sunday was not a legal publication. Scammon v. Chicago, 40 Ill. 146; Shaw v. Williams, 87 Ind. 158; State v. Suher, 33 Me. 539; Housewirth v. Sullivan, 9 Pac. 798; Wield v. Pack, 20 Johns. 140; Moore v. Hogan, 2 Dewey, 437; Anderson v. Bierce, 3 Mich. 280; Shaw v. Dodge, 5 N. H. 462; Smith v. Wilcox, 24 N. Y. 253; Handy v. Globe Pub. Co., 42 N. W. 872; Morris v. Shew, 29 Kan. 661; Bryant v. State, 21 N. W. 406; Bland v. Whitfield, 1 Jones. 122; Pierce v. Hill, 9 Post, 155; Whitney v. Butterfield, 13 Cal. 336; Baxter v. People, 3 Gil. 368; Parsons v. Lindsay, 21 Pac. 227. This being true, the first publication of the summons was not made until more than thirty days had elapsed after its issuance. This was fatal and rendered the attachment void. Blossom v. Estes, 84 N. Y. 614; Taylor v. Leoneoso, 76 N. Y. 599; Toddiken v. Cantrell, 1 Hun. 710; Kelley v. Countryman, 15 Hun. 97. A void attachment will not sustain a bond given to discharge it, or to release the property. Fox v. McKenzie, 47 N. W. 386; Williams v. Skipworth, 34 Ark. 529; Bruce v. Conyers, 54 Ga. 679; Hamilton v. Merrill, 37 O. St. 685; Vase v. Cockroft, 44 N. Y. 485; Shevlin v. Whelen, 41 Wis. 93; Bank v. Mixter, 124 U. S. 728.

*McLaughlin & Steele* for respondents.

The first publication of the summons, though made on Sunday, was legal and brought the commencement of the publication within the thirty days prescribed by statute. Society v. Thompson, 32 Cal. 354; Eason v. Witcofsky, 7 S. E. 293; Pence v. Langdon, 99 U. S. 580; Waples on Attachm. pp. 327, 328; Merrett v. Earle, 31 Barb. 40; State v. Richetts, 74 N. C. 187; Hellams v. Abercrombie, 15 S. C. 110; Strong v. Elliott, 8 Cow. 28; Van Vechten v. Paddock, 12 John. 179; Langabier v. Railroad, 64 Ill. 243; Wright v. Dressel, 3 N. E. 6; State v. Cal. M. Co., 13 Nev. 212; People v. Odell, 1 Dak. 203.

KELLAM, P. J. This case was before this court at the October term, 1890, and the opinion is reported in 1 S. D. 497, where the facts fully appear. A petion for reargument was granted and it is now again before us on such rehearing. One of the subjects of appeal was an order of the court below refusing to

discharge and affirmatively continuing in force plaintiffs' attachment. This motion to discharge was made after defendants had appeared generally in the case, and given an undertaking as provided in Section 5010, Comp. Laws, and was based on the ground that neither service of the summons was personally made, nor its publication commenced, within 30 days from its issue, as required by Section 4993, Comp. Laws. The fact was conceded that the first publication of the summons was made on Sunday, which was the twenty-ninth day after its issue; that there was no publication an Monday, because no paper was issued on that day; and that the next publication was on Tuesday, the thirty-first day. Besides the question as to the legal effect of the Sunday publication, the discussion of counsel, both oral and printed, was directed to the question whether a motion to discharge, under Section 5011, could be made and entertained after defendants had given an undertaking under Section 5010. In determining the general question in the negative, we think we were right, but we are now satisfied we did not sufficiently consider what would be the effect upon the attachment itself of a failure to comply with the statute as to personal service or publication of the summons within the 30 days limited. Assuming for the moment that the Sunday publication was not good, so that the publication of the summons was not commenced within 30 days, did such failure constitute an irregularity simply, waived or cured by the subsequent appearance of defendants, and their giving an undertaking in recognition of, and as a substitute for, the attachment, or did it make the attachment absolutely void and of no effect from and after the expiration of the 30 days, so that there was no consideration for such undertaking? Section 4993, Comp. Laws, which authorizes an attachment "in an action," provides, among other things: "And for the purposes of this section an action shall be deemed commenced when the summons is issued; provided, however, that personal service of such summons shall be made, or publication thereof commenced, within thirty days." Thus the vitality of the attachment beyond the thirty days is made to depend upon compliance with this condition.

At the expiration of the 30 days, the summons not hav-
ing been personally served, nor its publication com-
menced, the statutory support ceased, and the attach-
ment itself went town.    From that time there was no at-
tachment.    Speaking of the force and value of an attachment
after a failure to serve or commence publication of the sum-
mons as required by that statute, the New York court of ap-
peals, in Blossom v. Estes, 84 N. Y. 614, says: ''It was good
when issued, but remained so for thirty days only, unless with-
in that time one or the other of the two steps was taken.    The
plaintiff, however, neither served the summons personally nor
by publication.    At the end of that time the statutory bar fell,
and with it the attachment.    The jurisdiction which attached
upon allowance of the warrant ceased, and as to that proceed-
ing it was as if the statute had been repealed.''    See, also,
Cummings v. Tabor, 61 Wis. 185, 21 N. W. Rep. 72; Taylor v.
Troncoso, 76 N. Y. 599.    With this view, it becomes important
to ascertain the legal effect of the first publication on Sunday,
for, if that were a good and sufficient publication, it was a com-
mencement of the publication within the 30 days.    The attach-
ment was issued upon the ground of the non-residence of de-
fendants, and, as already indicated, the summons was issued
September 3, 1886.    On the 2nd day of October the court made
an order for the publication of the summons.    The first publi-
cation thereunder was made on the 3d day of October, which
was Sunday, and the next publication on Tuesday, the 5th.
There was no issue of the paper on Monday, the 4th.    Sunday
was the twenty-ninth, and Tuesday the thirty-first day after
the issue of the summons.    Was the publication on Sunday a
legal publication, so as to meet the conditions of Section 4993,
Comp. Laws, requiring the publication to be commenced with-
in 30 days?    The law of this state (Section 6247, Comp. Laws)
prohibits the ''service of legal process of any description
whatever'' on Sunday, except in certain cases, of which this is
not one.

In some jurisdictions, under a practice like ours, where the
summons is not a writ issuing out of the court, but a notice

signed by the plaintiff's attorney, it has been questioned whether the summons was a "process," but Section 4807, Comp. Laws, defines "process" as used in our Code of Civil Procedure as "a writ or summons issued in the course of judicial proceedings," thus definitely making the term "process," the service of which is prohibited on Sunday, cover a summons. That the several publications required by the order of the court under the statute were to constitute "the service of legal process" is, we think, hardly debatable. The authority of the court to make the order is stated in said Section 4900 thus: "Such court or judge may grant an order that the service be made by the publication," etc.; and Section 4903 provides that the proof of "the service of the summons" shall be, "in case of publication, the affidavit of the printer," etc. In this case the service was to be made by six weekly publications. If the first of these could be legally made on Sunday, then the second or all of them could; but to hold that all of them could be so made, would be to hold, in defiance of the statute, that the service might be made on Sunday, for the several publications were to constitute the service. If the first publication on Sunday were valid as a part of the service required, it would be valid if it constituted the entire service, as in case the statute required but one publication; but this would be the very thing the statute forbids.

Our attention has not been called to any case where the validity of a Sunday publication of the summons has been determined under a statute like ours, specifically forbidding the "service of legal process" on Sunday. We find cases where kindred questions have arisen, under general statutes making Sunday *dies non*, and forbidding labor, except works of necessity and charity; but as to the effect of these general provisions, the views of different courts do not seem to have been in harmony. As notable examples of this difference, see Scammon v. Chicago, 40 Ill. 146, holding against, and Society v. Thompson, 32 Cal. 347, holding for, the validity of a Sunday publication. For the reasons already indicated, however, we are constrained to hold that the publication of the

summons on Sunday was not a valid publication, and so that the publication of the summons as required by law was not commenced within the 30 days prescribed by statute. As a result of this view, we hold, further. that, at the expiration of the 30 days from the issuing of the summons, the attachment ceased and became void, and that it was not revived by the subsequent appearance of defendants, or the giving of the undertaking under Section 5010. Blossom v. Estes, *supra*; Kelly v. Countrymen, 15 Hun. 97. Upon failure to serve or publish summons, defendants were entitled of right to release of the attached property, and hence there was no consideration for the undertaking. To this extent the former opinion of this court is modified, and the order of the circuit court refusing to discharge plaintiff's attachment, and continuing the same in force, is reversed. Upon all other questions we adhere to our former opinion. Upon this rehearing the appellants shall recover costs as follows: Clerk's fees thereon, the printing of brief used on reargument, and $20 attorney's fees.

BENNETT, J., concurring.

CORSON, J., (*dissenting.*) I concur in the opinion of the court reversing the order refusing to discharge the attachment, but I am unable to concur in the opinion so far as it affirms the former opinion of this court on the merits of the case. I think the court below should have granted the motion of defendants, made at the close of the evidence, to direct a verdict in their favor, and I am therefore of the opinion that the judgment of the court below should be reversed.