Cox, Respondent, vs. The North Wisconsin Lumber Company, imp., Appellant.

*March 25 — April 12, 1892.*

*Liens on logs and lumber: Repeal of statutes: Continuation of old law: Limitation of actions: Commencement of action to enforce lien: Service by publication.*

1. Ch. 413, Laws of 1889, although in terms it repeals sec. 3329, R. S., which is embodied therein, is construed as a mere continuation of that section as amended, and not a repeal and re-enactment thereof.
2. Sec. 3332, R. S., as amended, provides that a lien claim shall cease to be a lien upon logs, etc., unless action to enforce the lien be commenced within four months after the filing of the petition for a lien. Sec. 2629 provides that a civil action "shall be commenced by the service of a summons. From the time of such service or the issuance of a provisional remedy, the court shall be deemed to have acquired jurisdiction." Within four months after the filing of the petition, the logs upon which a lien was claimed were seized upon an attachment issued in an action to enforce the lien; but, the defendant being a nonresident and service by publication being necessary, the summons was not served upon him until after the expiration of said four months. *Held,* that the right to a lien was not lost.
3. Publication of a summons on the first day of each of six successive weeks — the first publication being on October 5 and the last on November 9 — is a publication "once a week for six weeks," under sec. 2640, R. S., the service becoming complete at the end of the sixth week, i. e., on November 16.

APPEAL from the Circuit Court for *Bayfield* County.

On and between February 25, 1889, and March 11, 1889, the plaintiff, at the request of the defendant Hanson, rendered and performed work, labor, and services for him in hauling certain pine logs and timber described, in the county of Bayfield, for which said Hanson promised and agreed to pay him $159.31, April, 15, 1889. Such services were reasonably worth that sum, and the same became due and payable April 15, 1889. On May 24, 1889, the

Cox vs. The North Wisconsin Lumber Co.

plaintiff filed his verified petition and claim in the usual form of a lien for said work, labor, and services in the office of the clerk of the circuit court for Bayfield county, upon the logs described, in the manner provided by statute. Upon a verified complaint, alleging the facts stated, and an affidavit as required by law, filed for an attachment, the same was issued and said logs were attached September 21, 1889. The sheriff thereon returned that, after due and diligent search to find said Hanson, he was unable to do so. On September 27, 1889, the county judge for said Bayfield county, on the pleadings and papers served and filed in said action, and the complaint duly verified, and the record therein, and on an affidavit showing the non-residence of Hanson and other requisite facts, made an order in said action for the service of the summons therein by the publication thereof in the Bayfield County Press, once a week for six successive weeks, the first publication to be made within three months from the date of said order. Pursuant to said order, the said summons was served on said Hanson as such nonresident, by the publication thereof in said newspaper once in each week for six successive weeks, the first publication being October 5, 1889, and the last November 9, 1889.

On October 23, 1889, the defendant company appeared in said cause as an intervener, and served and filed therein its separate answer, alleging in effect its incorporation and that it was the owner of said logs and timber described, and denying that the plaintiff had acquired any lien thereon. The answer also alleges that such claim for a lien was unjust and invalid and did not exist; that the court had never obtained jurisdiction of the person or property of Hanson, and could not, therefore, obtain any judgment against him; that the action was not commenced within the time required by law, and that said company would insist upon the statute of limitations as set forth in

sec. 3, ch. 413, Laws of 1889; that said Hanson was a non-resident of the state during all the times mentioned, and had no property therein, and that the summons had never been served upon him.

At the close of the trial of the issues thus made the court directed the jury to find a verdict to the effect that they found for the plaintiff and assessed his damages at $170.41, and that the same was due for the labor and services done and performed by the plaintiff as alleged in the complaint, and that the same was a lien upon the logs and timber described in said complaint. Judgment was entered upon said verdict accordingly, with costs and disbursements taxed, making $215.10. From so much of said judgment as declares the amount found due the plaintiff to be a lien upon the logs and timber in question, the defendant company appeals.

For the appellant there were briefs by *Jenkins & Jenkins,* and oral argument by *J. J. Jenkins.*

For the respondent there was a brief by *L. H. Mead,* and oral argument by *L. J. Rusk.*

CASSODAY, J. The services of the plaintiff in hauling the logs in question were completed March 11, 1889. He was entitled to his pay for such services April 15, 1889. The law in force at the time of the rendition of such services was to the effect that any person doing or performing any labor or services in hauling any logs or timber in any of the counties in this state should have a lien upon such logs and timber for the amount due or to become due therefor, which should take precedence of all other claims or liens thereon. Sec. 3329, R. S.; ch. 469, Laws of 1885. The contention is that that statute, and all other acts or parts of acts in any wise conflicting with the provisions of ch. 413, Laws of 1889, which went into effect April 17, 1889, were thereby repealed, except ch. 222, Laws of 1880, which did

not give the lien in question. But ch. 413, Laws of 1889, embodied the same statute thus giving the lien; and this, upon well-settled rules of construction, must be construed as a mere continuation of such statute, and not as a repeal and re-enactment of it. *Fullerton v. Spring*, 3 Wis. 667; *Laude v. C. & N. W. R. Co.* 33 Wis. 640; *Gilkey v. Cook*, 60 Wis. 133; sec. 4985, R. S.

The plaintiff acquired his lien by virtue of his services on the logs and timber under his contract; and the only question is whether he took the necessary proceedings to continue it. The labor and services in question having been performed between November, 1888, and May, 1889, the statute required that the claim for such lien should be filed in the office of the clerk of the circuit court of the county in which such labor and services were performed, on or before June 1, 1889. Sec. 3331, R. S.; sec. 2, ch. 413, Laws of 1889. As indicated in the foregoing statement, such claim and petition for a lien was so filed in the case at bar May 24, 1889. By the statute the lien so claimed ceased to be a lien on the property, unless the action to enforce the same was commenced in the circuit court within four months after the filing of such petition or claim. Sec. 3332, R. S.; sec. 3, ch. 413, and sec. 1, ch. 454, Laws of 1889. Since the summons was never served upon Hanson, for whom the services were performed, personally or by copy, by reason of his nonresidence and absence from the state, nor even by publication within the time so limited, it is claimed that the action was not commenced within the four months thus prescribed. But the logs in question were duly attached September 21, 1889. It is true, the statute prescribes that a civil action in a court of record shall be commenced by the service of a summons. Sec. 2629, R. S. But it also provides that " from the time of such service, *or* the issuance of a *provisional remedy*, the court shall be deemed to have acquired jurisdiction, and to have

control of all subsequent proceedings." *Ibid.* A writ of attachment is a provisional remedy. *Jarvis v. Barrett,* 14 Wis. 591; *Howell v. Kingsbury,* 15 Wis. 275; *Bell v. Olmsted,* 18 Wis. 69; *Cummings v. Tabor,* 61 Wis. 185; *Evans v. Virgin,* 69 Wis. 159, 160. "Its office is to seize and hold such property as would be liable to execution in the principal action until a judgment can be recovered therein, and an execution issued thereon." *Ibid.* Such seizure of property on such writ may be made before the service of the summons; and the same is so far in the nature of a proceeding *in rem* as to be the basis of a subsequent service by publication upon a nonresident. *Bell v. Olmsted,* 18 Wis. 69; *Robertson v. Kinkhead,* 26 Wis. 560. Especially is this so where, as here, such seizure is to preserve and continue a lien already acquired. Such seizure gave the court jurisdiction over the property seized, and the control of all subsequent proceedings thereon. Sec. 2629, R. S. To make such seizure effectual, however, it was necessary that the summons should be served within a reasonable time thereafter. *Cummings v. Tabor,* 61 Wis. 193; *First Nat. Bank v. Greenwood,* 79 Wis. 269. But here the principal defendant, Hanson, was a nonresident, and no service could be had upon him except by publication. Such service by publication could give the court no jurisdiction to render any personal judgment against him. *Renier v. Hurlbut,* 81 Wis. 24, and cases there cited. It could at most render effectual and complete the jurisdiction over the logs thus acquired by their seizure on the attachment. *Ibid.* Such seizure was followed by the publication of the summons in pursuance of the order of the county judge made in the action, once in each week for six successive weeks, as mentioned in the foregoing statement, as prescribed by statute. Sec. 2640, R. S. The nature of the case is such as to authorize such service under the statute. Sec. 2639, R. S. It was made "upon a defendant against whom a cause of

action appears " to have existed. Such defendant was not only a nonresident, but his residence was unknown. The cause of action was for services performed by the plaintiff upon the logs and timber in question in the county named, under a contract with Hanson, and therefore the same arose within this state, and the trial court had jurisdiction of the subject thereof, which was such contract and the lien upon the logs and timber so seized given by statute under the contract, as indicated. It was because the plaintiff had acquired such lien that the defendant company, claiming to be the owner of such logs and timber, was made a party defendant upon its own application, as prescribed by statute. Sec. 3, ch. 413, Laws of 1889.

It is true that there were less than forty-two days from the time of the first publication to the time of the last publication,— that is to say, from October 5, 1889, to November 9, 1889; but there were, nevertheless, six publications, each on the first day of six successive weeks. Of course, the time for Hanson to answer did not begin to run until the expiration of the last week; that is to say, November 16, 1889. But the trial did not occur, and his default was not entered, until April 4, 1890, so there can be no objection on the ground that Hanson was not in default.

We find no error in the record.

*By the Court.*— That portion of the judgment appealed from is affirmed.