Crouch vs. Crouch.

| 30 | 667 |
|----|-----|
| 90 | 288 |

## CROUCH VS. CROUCH.

SUMMONS: (1) *Order for service of by publication, a judicial act.* (2) *Proceedings under void order for publication of, when set aside.*
DIVORCE: (3) *Proceedings in, when set aside.* (4) *Subsequent marriage and birth of issue will not modify the rule.*
JUDGMENT: (5) *Should be vacated as soon as its fraudulent character is determined.*

1. The making of an order for service of summons by publication is a *judicial* act, which cannot be performed by a court commissioner in an action wherein he is plaintiff's attorney; and an order so made is nullity.
2. Where defendants after publication of the summons under a void order, does not appear or waive his rights, all subsequent proceedings against him are invalid, and should be set aside, with the order, on his motion.
3. Where an order for publication of the summons in a divorce case, and a judgment of divorce, were obtained by plaintiff by swearing falsely that she did not know defendant's residence or stopping place, the order and all subsequent proceedings should be vacated.
4. The fact that plaintiff has married since judgment was rendered, and that a child of such marriage has been born, will not authorize the court to modify the law.

Crouch vs. Crouch.

5. Ch. 409, laws of 1865 (which provides a certain remedy in behalf of the plaintiff, in an action wherein a judgment has been rendered for him, based upon an invalid service of summons by publication), does not apply to a judgment obtained by gross fraud upon the court and the defendant; and such a judgment should be set aside as soon as its true character is judicially determined.

APPEAL from the Circuit Court for *Richland* County.

This action is for a divorce. On the 28th of October, 1867, the plaintiff made an affidavit, stating, among other things, that " the said defendant cannot, after due diligence, be found within this state; and his residence cannot, with reasonable diligence, be ascertained by this deponent, and is unknown to her." On this affidavit a court commissioner, who was one of the plaintiff's attorneys in the action, made the usual order that the summons be served on the defendant by publication. The defendant not appearing to the action within the prescribed time, the proofs were taken by a referee, April 14, 1868, *ex parte*, and two days afterwards a judgment of divorce was rendered by the circuit court. The plaintiff testified before the referee that she did not know where the defendant was; that she had no knowledge of his whereabouts.

In April, 1871, the defendant obtained an order on the plaintiff to show cause why the order of publication, the report of the referee, and the judgment in the action, should not be set aside, for the reasons, among others, that such order was void, and that the judgment was obtained by fraud. The order to show cause and the motion papers were served upon the attorneys for the plaintiff, May 8th, and upon the plaintiff personally October 23, 1871.

The circuit court, by an order dated October 26, 1871, discharged the order to show cause, and refused to vacate and set aside the order of publication, report and judgment. The facts which appeared on the hearing of the order to show cause are stated in the opinion. This appeal is taken by the defendant from the order of· October 26th, above mentioned.

*M. M. Cothren,* for appellant.
*Eastland & Eastland, contra.*

LYON, J. The judgment of divorce in this action was rendered because of the alleged wilful desertion of the plaintiff by the defendant; and it appears by the affidavits served with the order to show cause, and which are undisputed, that the defendant did not desert the plaintiff, and has, therefore, a perfect defense to the action; that he did not know that such judgment had been rendered against him until December 23, 1870; and that the plaintiff knew where he was during all of the time he was absent, and frequently wrote letters to him which he received. He produced two of these letters in her hand writing, received by him by mail, one of which bears date October 27, 1867, (the day before she made the affidavit to procure the order of publication), and the other March 28, 1868—less than three weeks before she gave her testimony before the referee. The first of these letters was addressed to him at St. David's, Fulton county, Ill., where he had been for more than a year and a half; and the latter was addressed to him in her handwriting, at Hanover P. O., Rock county, Wis., which was distant only three miles from where he was then stopping.

Under this state of facts, neither the order of publication nor the judgment can be sustained.

1. The order of publication is a nullity. The granting of such an order is a judicial act. The commissioner or other officer granting it must hear evidence, and must be satisfied therefrom of the existence of certain facts; he must deliberate, decide, adjudge. That an attorney in an action is utterly disqualified from performing these judicial functions in any matter pertaining to such action, is too clear for argument, and too well settled to require the citation of authorities. The defendant not having appeared in the action, all of the subsequent proceedings, including the judgment, depend for their validity upon the validity of the order of publication. They stand or fall with it.

In this case the order of publication being a nullity, so also is the judgment, and the court should have swept them from its records. *Hurd v. Jarvis*, 1 Pinney's Wis., 475.

2. But the order and judgment are void for another reason. It is a verity in this case that when the plaintiff made the affidavit upon which the order of publication was granted, she knew the residence or stopping place of the defendant. She also knew where he was, when she testified before the referee. Yet she studiously concealed these facts from the commissioner and the court, for the evident purpose of obtaining a judgment of divorce without the knowledge of the defendant. To accomplish that purpose the record shows quite conclusively that she swore falsely on two occasions during the progress of the action. This was a gross and inexcusable fraud upon the court and the defendant, and vitiates the whole of the proceedings. For this reason alone the order of publication and all subsequent proceedings, including the judgment, should have been set aside.

It is stated in the brief of her counsel, that since the judgment of divorce was rendered, the plaintiff has married another husband, to whom she has borne a child. We sympathize with the parties who have placed themselves in this unfortunate position, and more especially do we regret that we are compelled to make a decision which will render the child of this last ill-advised union, illegitimate. But we have no power to breathe life into these void proceedings. Let the consequences be ever so disastrous to individuals, we can only declare the law as we find it. We have no authority to modify it in cases of supposed hardship.

This case illustrates the necessity of so amending our divorce laws that divorced parties be prohibited from again marrying until after the time for taking an appeal to this court has expired, and, in case an appeal is taken, then until the same is finally disposed of. Under such a law parties could not place themselves in the situation of this plaintiff and the man to whom she was last married.

The counsel for plaintiff claims that she should be permitted to take proceedings under ch. 409, Laws of 1865 (Tay. Stats., 1433, § 17,) to save the judgment. That law is applicable by its terms to cases where the order fails to give the court jurisdiction of the defendant. Were there no objections to these proceedings other than that the commissioner had no power to make the order of publication, there seems to be no good reason why the defendant might not be brought into court under that law, and the plaintiff have an opportunity to demonstrate, if she could, that the judgment ought to stand. But evidently the act was not intended to extend to a judgment obtained by the grossest fraud upon the court and the defendant. A judgment thus obtained should be vacated and set aside at the earliest moment after its true character is judicially determined.

The order appealed from must be reversed, and the cause remanded with directions to the circuit court to set aside and vacate the order of publication and all subsequent proceedings in the action, including the judgment of divorce therein.

*By the Court.*—It is so ordered.