[No. 958.   Decided December 30, 1893.]

## C. N. BURDICK, *Respondent*, v. KATE BURDICK, *Appellant*.

DIVORCE — ADULTERY — PLEADING — VERIFICATION OF COMPLAINT.

A verification of the complaint in an action for divorce to the effect that the plaintiff believes the contents of the complaint to be true, is a sufficient compliance with the requirements of Code Proc., §766.

A complaint for divorce on the ground of adultery is insufficient when it fails to allege that the last act of adultery was committed within one year before the commencement of the action and that it was unforgiven; but such defect is cured by judgment, where proof showing such facts has been admitted without objection.

*Appeal from Superior Court, King County.*

*John F. Miller*, Prosecuting Attorney, and *A. G. McBride*, for appellant.

The opinion of the court was delivered by

STILES, J.— The statute, Code Proc., § 766, which requires a complaint in a divorce case to be under oath, means only that it shall be verified as are complaints in other cases, and a verification to the effect that the plaintiff believes the contents of the complaint to be true is sufficient.

The cause of action based on the ground of adultery was insufficiently stated, because the complaint did not show that the last act of adultery was committed within one year before the commencement of the action, or that it was unforgiven. Code Proc., § 764, subd. 2.   But proof was admitted without objection showing both facts, and we think the judgment should stand.

This was an appeal in the name of the defendant (who had made default, and who did not appear), taken by the prosecuting attorney.   No appearance was made here by the respondent.   Under these circumstances some question has arisen in our own minds as to whether, in such a case, the prosecutor has a right to appeal; and we desire to say that in passing upon the case, we leave the question of this right entirely open for future consideration.

Judgment affirmed.

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

HOYT, J., dissents.