## Maggie T. Whittaker v. David H. Whittaker.

51  263
151s 266

1. Decrees—*Presumably Correct.*—A decree of a court is presumably correct *until the contrary is* established.

2. Divorce—*Upheld by Estoppel.*—A divorce absolutely void may be upheld by estoppel. An estoppel *in pais* is to prevent injustice; and no greater injustice could be perpetrated under color of law, than to hold that a woman who has in good faith procured a divorce and married again, is still the wife of the former husband.

Memorandum.—Divorce. Appeal from the Superior Court of Cook County; the Hon. Philip Stein, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

Appellant's Brief, Defrees, Brace & Ritter, Attorneys.

Actions for divorce involve public interests as well as private rights. While the court should take care that divorces are not granted on insufficient evidence, they should also see that when granted, they are not set aside (even upon the application of a party) unless the application is made upon substantial and just grounds and with reasonable diligence. Quigley v. Quigley, 45 Hun, 23.

This statutory provision is nothing more than a legislative recognition of the principle of public policy, which has been repeatedly affirmed by the courts, that a judgment or decree which affects directly the status of married persons, by sundering the matrimonial tie, and thereby enabling them to contract new matrimonial relations with other and innocent persons, should never be re-opened. Such a course would endanger the peace and good order of society, and the happiness and well-being of those who, innocently relying upon the stability of a decree of a court of competent jurisdiction, have formed a connection with the person who, wrongfully, perhaps, procured its promulgation. Parish v. Parish, 9 Ohio State, 534; Bascom v. Bascom, 7 Ohio, 466; Laughery v. Laughery, 15 Ohio, 404; Tappan v. Tappan, 6

Ohio St. 64; Lucas v. Lucas, 3 Gray, 136; Greene v. Greene, 2 Gray, 361.

APPELLEE'S BRIEF, CRATTY BROS. & JARVIS, ATTORNEYS.

Public policy, to the exclusion of individual considerations, requires the dignity and respect of the courts of this State to be upheld, and that our courts be not made the object of fraudulent practices by disconsolate couples. Way v. Way, 64 Ill. 406, 413; Hitchins v. Hitchins, 41 Ill. App. 82.

That the same public policy must be upheld in cases where the decree is obtained by fraud, even though the parties thereto have re-married. Lawrence v. Lawrence, 73 Ill. 577; Caswell v. Caswell, 120 Ill. 387, and cases cited; Smith v. Smith, 20 Mo. 167; Allen v. McClellan, 12 Pa. St. 328; Holmes v. Holmes, 63 Me. 420; Comstock v. Adams, 23 Kan. 517; True v. True, 6 Minn. 458.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

October 26, 1887, the appellant filed in the Superior Court her bill for a divorce from the appellee, and December 22d, following, obtained a decree on service only by publication. Six days more delay by the appellee, and that decree would have been invulnerable against the attack now made upon it; but December 17, 1890, on the appellee's petition the court gave him leave to answer the bill and restored the cause to the docket of the court.

This course of proceeding is warranted by Lawrence v. Lawrence, 73 Ill. 577, under Sec. 19, Ch. 22, Chancery, though it puts the appellant in an awkward position, she having taken another husband in the summer of 1889.

On the last hearing the evidence is very persuasive that she had good cause for a divorce on the grounds of desertion and habitual drunkenness, but is rather thin as to her residence of one year in Illinois, next before filing her bill. But her decree is presumably correct until the contrary is established. Bruner v. Battell, 83 Ill. 317.

And this is a case for straining a point, and sustaining her decree, if it can be done consistently with imperative

rules of law. He knew of the divorce within six months after the decree. He don't want her as a wife. He took no step until more than a year after he knew she had married again. His statement that his only motive and purpose or desire to avoid the force of this decree is to reserve "his rights to the boy," is a mere pretense, as the court may at any time make such order as to the boy "as shall appear reasonable and proper." Umlauf v. Umlauf, 128 Ill. 378.

His pursuit of the woman is unjust and cruel. As a husband, he was unworthy of her affection, and gave her no shelter or abiding place. The best reparation of the wrong he did her in marrying her, is to let her alone. If in any case of husband and wife their relations can be affected by estoppel, he should be estopped from any claim upon her. And there is authority that a divorce absolutely void may be upheld by estoppel.

In Richeson v. Simmons, 47 Mo. 20, an unconstitutional legislative divorce was thus sustained.

It is true that the question arose there between third parties, and only as to property. But estoppel *in pais* is to prevent injustice; Bigelow on Estoppel, Ch. 18; and no greater injustice could be perpetrated under color of law, than to hold that this woman is now the wife of this man.

The decree of the Superior Court that the decree of divorce be set aside and vacated is reversed, the original decree confirmed and the petition of the appellee dismissed.

The original decree having been entered before Shepard, P. J., when in the Superior Court, he takes no part in this decision.

Mr. Justice Waterman.

The statute under which the application of appellee to set aside the decree of divorce obtained by appellant is made, does not make it imperative upon the court to set aside the decree, although upon the hearing and under such a petition it appears that the decree ought not to have been made; the statute declares that upon its appearing "that such decree ought not to have been made against such defendant, the

same may be set aside, altered or amended as shall appear just." Sec. 19, chapter 22, R. S.

It does not appear just, that at the instance of this defendant, who waited until more than a year had elapsed after he learned that his divorced wife had re-married, and two years and six months after he heard of her divorce, before he asked to have the decree set aside, and who declares that he has no intention of living with her again and himself wants a divorce—it does not, as above stated, appear just that at the instance of this man the decree against him should be set aside.

Ordinarily there may be said to be three parties to a proceeding for divorce; the husband and wife and the public; because the interests of all are to be affected.

Upon the application to set aside the decree obtained against appellee, there is in effect a fourth party—the second husband—to whom appellant was married one year after her divorce from appellee.

He, certainly, appears to be entirely innocent; no shadow of suspicion is by this record cast upon him. It is not incumbent upon parties about to enter into the married state to search the records for evidence of a previous marriage, nor are they chargeable with notice of errors and imperfections that may exist in divorce proceedings.

A court of equity may well pause before gratifying the malignity of one who wishes to set aside a decree, not that he may enjoy the rights it deprived him of, but that he may be judicially declared to be the husband of one with whom he says he will not live, whom he accuses of both perjury and adultery, and from whom he really wishes to be divorced. If she be declared to be still his wife, he can not compel her to go with him an inch, to live with him a moment or to contribute to him a penny of her property; but if he succeed in what he has undertaken he can render her wretched, and he will deprive an innocent man of the wife with whom he is living, render the further continuance of their marital relations unlawful, break up a home, blast at least one innocent life.

That the conduct of appellee was such as to, in this State, entitle appellant to a divorce is clear; while the fair preponderance of the evidence is that she had been a resident of this State for more than a year prior to the filing of her bill.

Such being the case the original decree should have been affirmed upon the hearing had under the petition and answer of appellee.