MEDINA v. MEDINA ET AL.

1. DECREE, VACATION OF.
Jurisdiction was conferred by the code of 1877 to vacate a decree of divorce, as well as other judgments, entered upon constructive service.

2. SAME.
The fact that a party to whom a divorce has been granted has married in the meantime, and that a child has been born as issue of such marriage, does not divest the court of its power to vacate the decree.

3. COLLATERAL ATTACK.
Decrees and orders of court entered in the exercise of jurisdiction, even though erroneous, are not open to collateral attack.

*Error to the County Court of Douglas County.*

ON THE 1st day of December, 1891, Emma M. Medina, plaintiff in error, instituted this action against Mary G. Medina and Frank J. Medina, in the county court of Douglas county, to set aside a certain order entered by that court in an action theretofore pending between Mary G. Medina and Frank J. Medina, vacating a decree of divorce rendered therein, and an order dismissing that action. The facts upon which she predicates her right to relief are in brief as follows:

On the 4th day of April, 1881, in an action pending in the county court of Douglas county, in which Frank J. Medina was plaintiff and Mary G. Medina was defendant, upon an alleged service by publication, an absolute decree of divorce was granted in favor of the plaintiff. Subsequent to the rendition of that decree, and on the 12th day of May, 1881, this plaintiff was married to Frank J. Medina, and commenced living with him as his lawful wife. On the 22d day of July, 1881, on motion of Mary G. Medina, the county court vacated and set aside such decree of divorce and permitted her to appear and answer. On the 6th day of June, 1882, Mary G. Medina, having filed her answer, on motion of Frank J. Medina the action was dismissed with-

out prejudice to the bringing of another action. That these motions and orders were made without notice to, and without the knowledge or consent of, this plaintiff in error. That since her marriage with Frank J. Medina she has lived openly with him as his wife, and that he had openly acknowledged her as his wife for a period of over ten years, and a child had been born as the fruit of such marriage. That Mary G. Medina, well knowing these facts, had at no time interfered with or claimed that this marriage was illegal, or made any protest against the same.

It appears from the record in the divorce suit that the decree was vacated because obtained by perjury and fraud, in this, that plaintiff swore, both in his complaint and in his affidavit to obtain service of summons, that he (the plaintiff) was ignorant of the residence of defendant, which statement was false and well known to plaintiff to be false; that no copy of summons was mailed to the defendant, as it should have been, and that defendant had no notice whatever that an action was commenced or pending against her until after the decree was rendered. The case was tried to the court, and judgment rendered in favor of defendants, dismissing plaintiff's complaint. To reverse this judgment she prosecutes this writ of error.

Messrs. ROSS & DEWEESE, Messrs. CAYPLESS & FISHER and Mr. WM. DILLON, for plaintiff in error.

Messrs. CRANE, HOYT & MASON, for defendants in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The controlling question presented by the assignments is whether the county court had jurisdiction to entertain the motion to vacate the decree of divorce after the lapse of the term at which it was rendered. Upon this proposition we entertain no doubt. Even assuming a valid service of the summons was had by publication, the court had jurisdiction

to entertain the motion under section 75 of the code of 1877, which, *inter alia*, provides :

" When, from any cause, the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within six months after the rendition of any judgment in such action, to answer to the merits of the original action."

Plaintiff in error contends that the foregoing provision does not apply to decrees of divorce, and cites in support of this claim *McJunkin v. McJunkin*, 3 Ind. 30 ; *Lewis v. Lewis*, 15 Kan. 181. In *McJunkin v. McJunkin* the court had under consideration a special act of the legislature, which provided that the practice and proceedings in divorce cases should be the same as in other chancery cases ; and whether, by virtue of such provision, decrees of divorce were included in certain sections of the chapter relating to suits in chancery, which provide for the opening of decrees rendered without other notice than by publication in a newspaper ; and held that decrees of divorce did not come within the latter sections. These sections are not at all similar to the provision of our code above quoted. The decision in *Lewis v. Lewis, supra,* does not sustain the plaintiff's contention. The court expressly refuses to decide whether, had there been only a publication in the newspaper, the case would not fall within section 77 of their code, but expressly held that the application was properly denied because, in addition to the publication in the newspaper, a copy of the petition and notice was mailed to the defendant, as required by section 641, and the court say :

" The conclusion then, to which we have come, though, as we freely admit, with grave doubts, is, that the mailing of the copy of the petition and notice, as required by said § 641, is a part of the service, and that therefore, in a case where such mailing has been duly made in addition to the publication of notice in the paper, § 77 does not apply, and that a decree legally entered under those circumstances cannot be

set aside upon the mere showing of actual ignorance of the pendency of the suit."

In the case of *Hemphill v. Hemphill*, 38 Kan. 220, it was held that a judgment in a divorce action came within sec. 77 of the code, and the case of *Lewis v. Lewis, supra,* was cited and distinguished. That jurisdiction is conferred by the foregoing provision to entertain an application to vacate a decree of divorce when rendered upon service by publication in a newspaper only, as well as other judgments, is sustained by *Lawrence v. Lawrence,* 73 Ill. 577 ; *Edson v. Edson,* 108 Mass. 590 ; *Dunn v. Dunn,* 4 Paige, 425 ; *Weatherbee v. Weatherbee,* 20 Wis. 499 ; *Smith v. Smith,* 20 Mo. 166.

And the fact that the party to whom the decree was granted has married in the meantime, or that a child has been born as the fruit of such second marriage, cannot divest the court of its power to set aside the decree of divorce. *Crouch v. Crouch,* 30 Wis. 667 ; *Comstock v. Comstock,* 23 Kan. 513 ; *Allen v. McClellan,* 12 Pa. St. 328 ; *Holmes v. Holmes,* 63 Me. 420.

" Persons, * * * acting under such a decree, are not entitled to the protection of the court as acquiring rights in good faith in reliance upon a decree of court." *Lawrence v. Lawrence, supra.*

But, aside from the authority conferred by the foregoing provision, the county court of Douglas county had jurisdiction to vacate and set aside the decree upon the further ground of its invalidity for want of service upon the defendant in the original suit. The court never acquired jurisdiction of the defendant, Mary G. Medina, and for this reason the order of publication and all subsequent proceedings, including the decree, were of no validity, and should have been set aside. The court, therefore, having jurisdiction to entertain the motion and enter the orders complained of, its orders being unaffected by fraud, even if erroneous, cannot be questioned or disturbed in this proceeding. From this conclusion it follows that the oral evidence sought to be introduced would in no way affect or change the result reached

by the court below, even if admissible.   Therefore we deem it unnecessary to consider the question.

From an examination of the record, we are satisfied that the judgment of the court below is correct, and it must be affirmed.

*Affirmed.*