King, J.,
delivered the opinion of the court.
Appellants brought their suit to cancel certain' deeds, a mortgage, and a county court decree purporting to quiet title in the defendants herein to certain lands in the county of Logan, which plaintiffs alleged were clouds upon their title to said lands. At the conclusion of the evidence offered by plaintiffs, the court rendered judgment for the defendants-, holding that plaintiffs hád failed to prove their cause of action.
Plaintiffs’ title depends upon the validity and effect of a sheriff’s deed which they claim divested the title of defendants ’ grantor and vested it in the grantor of plaintiffs. Defendants’ title depends upon the validity and effect of a decree of the county court sought to be annulled, and which was rendered long after the date and record of the sheriff’s deed. If valid, the decree quieted the title as against the said sheriff’s deed. The burden of proving the invalidity of the decree was on plaintiffs. The records offered by them showed that the county court rendering the decree had jurisdiction of the subject-matter, and obtained jurisdiction of the defendants in that case (plaintiffs in this) by publication of summons, and rendered the decree in the exercise of jurisdiction so obtained. Plaintiffs sought to avoid the force and effect of said decree by showing that the defendants in that suit did not have actual knowledge of its pen *373 dency, and, by the sheriff’s deed, that the plaintiff in that suit had no title to qniet.
A decree rendered in the exercise of jurisdiction acquired by constructive service of summons made in compliance with law is as unimpeachable as if made upon personal service, and evidence that the published notice did not in fact come to the knowledge of the defendants is neither material nor competent under the issues made by the pleadings.
The attempt to' impeach and annul the decree by showing aliunde the record in that case that the evidence upon which it was rendered was insufficient, or that plaintiff in that suit had no title to quiet, because extinguished by prior sheriff’s deed, was ineffectual. The deed for that purpose was incompetent and insufficient. That instrument and its effect were necessarily in issue in the former suit, and as against it the title of defendants here was quieted, and it cannot avail the appellants. — Mortgage Trust Co. v. Redd, 38 Colo., 458, 88 Pac., 473, 8 L. R. A. (N. S.), 1215, 120 Am. St., 132; Medina v. Medina, 22 Colo., 146, 43 Pac., 1001.
The judgment is affirmed.

Affirmed.