ESTATE OF KRONGLASKI: KRONGLASKI, Appellant, vs. THE STATE, Respondent.

*September 15—November 10, 1936.*

For the appellant there were briefs by *Joseph P. Callan* and *Churchill, Bennett, Churchill & Davis,* all of Milwaukee, and oral argument by *William H. Churchill.*

The *Attorney General, Herbert H. Naujoks,* assistant attorney general, and *Cyrus C. Thieme* of South Milwaukee, special counsel, for the respondent.

FAIRCHILD, J. Appellant, to succeed here, must establish one of two propositions: Either that (1) the divorce was void in Washington under the law of that state, or that (2) granting its validity in Washington, the state of Wisconsin should not give effect to the judgment in Washington by recognizing the change it purported to have made in the status of Kronglaski for the reason that the status of appellant was never subject to the jurisdiction of the state of Washington.

The first question to be answered, logically, is whether this divorce was valid under the Washington law. If it was not, then the further question need not be considered. The Washington statute, § 984, Rem. & Bal. Code (1910), requires that the complaint for divorce be under oath. As interpreted in *Burdick v. Burdick,* 7 Wash. 533, 35 Pac. 415, this section means that the complaint shall be verified. This requirement is not met by the complaint under observation. Section 984 goes on to provide that after a complaint under oath has been filed, "like proceedings shall be had thereon as in civil cases." Turning to § 228, Rem. & Bal. Code (1910), providing for service of summons by publication in civil proceedings, it appears that where the defendant cannot be found within the state, upon the filing of an affidavit on behalf of plaintiff, stating a belief that the defendant is not a resident of the state, and that the plaintiff has deposited a copy of the summons and complaint in the post office, directed to the defendant at his place of residence, the service may be had by publication of the summons.

If the lack of verification of the complaint be not a vital defect, the affidavit for service by publication is perhaps sufficient. In *Goore v. Goore,* 24 Wash. 139, 63 Pac. 1092, the

sufficiency of the affidavit was questioned, and while the affidavit was there held to meet the requirements of the statute, there had been included in the affidavit a statement "that good grounds for said action of divorce exist in favor of said plaintiff and against said defendant." The Washington court cited with approval *Calvert v. Calvert,* 15 Colo. 390, 24 Pac. 1043, where a similarly questioned affidavit was held good. It contained a statement to the effect "that he [plaintiff] has good grounds of action against the defendant." In neither the *Goore* nor the *Calvert Case* did the court specifically say that the case turned on the inclusion of these statements. The court in the *Goore Case* cited *Atkins v. Atkins,* 9 Neb. 191, 200, 2 N. W. 466, in which the affidavit had been held insufficient, and stated that there was in that case a "total failure to state a material fact in the affidavit,—the nature of the cause of action." The affidavit in the *Atkins Case* merely stated that "this cause is one mentioned in section 77." The case in hand lies somewhere between these cited cases. There is in this affidavit a statement that the action is for divorce, but there is no positive statement that the plaintiff has a cause of action.

If such a positive statement had been included in Kronglaski's affidavit, it might have served to cure the defect in the lack of verification of the complaint. But it is not there. The question then arises: Is this lack of verification a defect material to the jurisdiction of the court when there was no personal service of the defendant, and she never, by appearance, waived such defect?

Where an action is started by personal service of a complaint upon a defendant, he has actual notice of the claims made against him, and his rights may justly be finally concluded in that action, except for fraud or material defect in the proceedings. Statutes do permit, however, an action to be brought, heard, and determined upon the basis of service

by publication. Where such is the character of the service, there is conceded to be more than a mere chance that the defendant will never have actual notice of the action. His rights may be determined while he remains ignorant that they are being questioned. Service by publication is, then, more likely to permit a miscarriage of justice than personal service, but it is allowed by statute as a substitute where the defendant cannot be found within the jurisdiction. Why should not those availing themselves of the substitute be required to comply most strictly with all the requisites of bringing an action and securing publication of summons? Each step must be carefully taken by the plaintiff, and if he fail, the defendant, appearing later, or by collateral attack, as here (*O'Malley v. Fricke,* 104 Wis. 280, 80 N. W. 436), may still insist upon the defect, and because of it may have his day in court to establish his rights. This is the policy of the law as stated by the Washington court, *Schmelling v. Hoffman,* 111 Wash. 408, 412, 191 Pac. 618, 619:

"The method of acquiring jurisdiction by the publication of summons is in derogation of the common law, and the well-established rule requires that all the statutory requirements be accurately taken in order to confer upon the court jurisdiction over the defendant, although the subject matter of the action is within the power of the court."

Cases generally hold that to support a decree against a nonresident defendant on publication only, the statutes and rules of practice must be strictly observed, and the facts showing a compliance must appear by the record. *Watters v. Watters,* 210 Ala. 550, 98 So. 813; *Burns v. Burns,* 133 Miss. 485, 97 So. 814; *Correll v. Grieder,* 245 Ill. 378, 92 N. E. 266; *Barber v. Morris,* 37 Minn. 194, 33 N. W. 559; *Gilmore v. Lampman,* 86 Minn. 493, 90 N. W. 1113.

In view of the fact that, by section 984, the Washington statute singles out divorce proceedings and imposes the re-

quirement that the complaint must be under oath and must be filed before further proceedings, including service of process, may be had, it follows that the judgment of the Washington court was void for want of jurisdiction.

The Wisconsin authorities support the rule that the statute permitting service by publication must be strictly followed. The statutory provision under consideration in *Cummings v. Tabor,* 61 Wis. 185, 21 N. W. 72, required that an order for publication "be based upon the complaint, duly verified and filed, and an affidavit, together showing the facts required to exist." The effect of this provision is similar to that resulting from reading together sections 984 and 228 of the Washington statutes, except that in Washington the affidavit is addressed to the clerk and no order is required. In the *Cummings Case, supra,* a complaint had been drawn and verified before the order for publication was made, but it was not filed until after publication. In holding that this defect rendered the judgment void, the court said:

"We think it equally clear that the requirement of the statute that the complaint so verified must be filed before the order of publication is made, was intended to take the place of the old law, which required it to be filed before publication of the summons. The object of that requirement is the same as that of the old law, viz., to enable the defendant, if apprised of the pendency of the action in any way, to ascertain what the nature of the plaintiff's claim is."

The general policy of strict compliance was stated in *Beaupre v. Brigham,* 79 Wis. 436, 441, 48 N. W. 596:

"The right of the court to proceed against a nonresident defendant, in order to subject his property within this state to the process and jurisdiction of the courts of this state, without obtaining personal service upon him within this state, is regulated solely by statute; and this court, as well as all the other courts, hold that the statute must be strictly complied with in order to give any validity to a judgment rendered on such proceedings."

*Oelbermann v. Ide,* 93 Wis. 669, 68 N. W. 393, involved the insufficiency of a verification of a complaint upon which an order for publication was based. The alleged verification was made before a commissioner for the state of Wisconsin in the state of New York, under a statute permitting that officer to administer oaths, and giving effect to acts certified under his hand and seal. The seal used impressed the paper with the words: "S. Steinhammer, Commissioner for —— in the State of New York." The blank space was filled in by pen and ink with the word "Wisconsin." It was held that the seal was meaningless, the verification ineffective, and—

"that, for want of a proper verification of the complaint, the order for service by publication of the summons in the original action was void, and, on that account, that the court failed to obtain jurisdiction to render the judgment."

The fact that the plaintiff is required to take an oath as to the truth of his complaint may not, in a case of service by publication, guarantee a greater likelihood that the defendant will receive notice, or be informed of the exact nature of the case against him, than if no oath were required, yet the oath adds an element of solemnity which the plaintiff should not be allowed to disregard when invoking publication as a method of service.

Because of failure to file a complaint under oath the plaintiff in the divorce proceeding never secured service of the summons and complaint. Lack of service resulted in a failure to secure jurisdiction by the superior court of King county, and its judgment is without effect so far as the defendant in that proceeding is concerned.

The questions that would control the decision in this case had jurisdiction of the appellant been obtained by the Washington court need not be discussed.

*By the Court.*—Order reversed, and cause remanded with directions to grant the petition and for further proceedings according to law.