Ford (Matilda), Respondent, vs. Whelan, Defendant: Ford (Anne), Appellant.

*November 7—December 5, 1939.*

J. K. Anderson of Waupaca, attorney, and H. G. Wines of Beloit of counsel, for the appellant.

For the respondent there was a brief by Arnold, Caskey & Robson of Beloit, and oral argument by Earl J. Caskey.

FAIRCHILD, J.   Frank and Matilda Ford were married June 28, 1919.   They lived together in Chicago, Illinois, where they established their home.   After suffering a severe illness in 1924, from which he never fully recovered, Frank spent considerable time away from his home.   He lived in hospitals, with a sister for an interval, and also with a daughter of his by a former marriage.   At times he returned to the home of the parties which was maintained by his wife, the

plaintiff in this case, where he was always welcomed by her. He visited there both up to the time of and after the judgment for divorce was secured by him.

During his absences he wrote letters to his wife and received letters from her. He eventually became a resident of the Wisconsin Veterans' Home at Waupaca, and while a resident there entered into marriage with the defendant Anne Ford, who it appears had no knowledge of the existence of the plaintiff or of her relation to Frank Ford.

The record shows that Frank Ford began the action for divorce against Matilda in the municipal court of Beloit, Wisconsin; that the order permitting such service was granted upon Ford's swearing as to the whereabouts of Matilda that her last-known address was 7624 Union street, Chicago, Illinois, and that he had not seen or heard from her for upwards of a year and a half; that he did not know whether she was in Chicago, Illinois, or Winnipeg, Canada, "and that he did not know where she was." The judgment of divorce was granted June 2, 1929. The evidence rather conclusively establishes that the allegations so material to show the existence of circumstances under which an order for service by publication could be made, were false and untrue. The trial court found that Matilda did not know of the divorce action; that her home was at 7511 La Fayette avenue, Chicago, Illinois; that Frank N. Ford knew this fact and wilfully concealed it from the court; and that he "wilfully and falsely swore in the affidavit aforesaid that the then address of the said Matilda Ford was unknown to him."

The imposition upon the court just described was a fraud which is fatal to the validity of the judgment obtained in that action. The court never acquired jurisdiction over Matilda who now seeks to have the judgment vacated. *Dobson v. Pearce,* 12 N. Y. (2 Ker.) 156; *Nelson v. Rountree,* 23 Wis. 367; *Estate of Kronglaski,* 222 Wis. 634, 269 N. W. 528;

*Weatherbee v. Weatherbee,* 20 Wis. \*499; *Moyer v. Koontz,* 103 Wis. 22, 79 N. W. 50; *Johnson v. Coleman,* 23 Wis. 452.

Anne Ford, whose relation to the deceased comes about by reason of a marriage ceremony performed after the divorce judgment had been fraudulently secured by Frank Ford, urges that Matilda Ford is now estopped to question the divorce because of laches and because more than six years elapsed since the fraudulent divorce came into existence. These objections are not well founded. *Driscoll v. Tillman,* 165 Wis. 245, 161 N. W. 795; *Godfrey v. Wright,* 151 Wis. 372, 139 N. W. 193.

The integrity of the judgment of divorce was directly challenged by a proceeding instituted for the purpose of vacating a judgment in the court where it was secured without service of process upon the defendant and by fraud upon the court. While there may be some uncertainty as to whether Matilda first learned of the divorce prior to or after the death of her husband which occurred in 1937, it clearly appears that neither of the individuals affected by Ford's duplicity, Matilda or Anne, had knowledge of the deception practiced by him at any time when either could have been of any service to the other. In any event it clearly appears that Matilda in no way submitted to and the court never acquired jurisdiction over her in the divorce action. *Estate of Kronglaski, supra; Crouch v. Crouch,* 30 Wis. 667; *Everett v. Everett,* 60 Wis. 200, 18 N. W. 637.

*By the Court.*—Judgment affirmed.